PHILIP M. WHEATON v. HOLLIS P. MICKEL, COLLECTOR OF UPPER TOWNSHIP, IN THE COUNTY OF CAPE MAY.

Submitted March 20, 1899—Decided June 12, 1899.

Under the Tax act of March 19th, 1891 (*Gen. Stat.*, *p.* 3344), personal property situate outside of New Jersey but owned by a resident of the state, is taxable in the township, ward or taxing district where the owner resides.

On *certiorari* in matter of tax.

Before Justices DIXON and LUDLOW.

For the prosecutor, *Morgan Hand.*

For the defendant, *Howard Carrow.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up the tax for the year 1896, assessed against the prosecutor in Upper township, Cape May county, where he resides.

The assessed value of his personal estate is $51,000, of which $22,000 is stated in the duplicate to consist of coastwise and seagoing vessels. The prosecutor insists that, as these vessels are not to be found in that township, they

cannot be there assessed because of the act of March 19th, 1891 (*Gen. Stat., p.* 3344), which enacts that the tax on visible personal estate shall be assessed in and for the township, ward or taxing district where such property is found.

This legal provision, however, is evidently applicable only to personal property situate in New Jersey, and the proofs in this case do not show that the prosecutor's vessels were so situate, but, on the contrary, it was conceded at the argument that they were in the State of Pennsylvania. Consequently, they come under the following clause of the statute, which enacts that "the tax on other personal estate shall be assessed on each individual in the township, ward or taxing district where he resides." These vessels therefore were properly included in the assessment.

The testimony makes it clear that the assessed value of the prosecutor's property, for which he was legally liable to taxation in Upper township, did not exceed its true value, and hence, under the act of March 23d, 1881 (*Gen. Stat., p.* 3404), no irregularity or illegality in assessing the tax can form a sufficient reason for setting the tax aside.

The assessment is affirmed, with costs.