LLOYD TUTT, PLAINTIFF, v. GEORGE S. AUFRECHT, BY HIS LEGAL REPRESENTATIVE, JAMES M. COLEMAN, JR., LIMITED ADMINISTRATOR *PENDENTE LITE*, DEFENDANT.

ISABELLE WRIGHT, PLAINTIFF, v. LLOYD TUTT AND JAMES M. COLEMAN, JR., LIMITED ADMINISTRATOR *PENDENTE LITE* OF THE ESTATE OF GEORGE S. AUFRECHT, DECEASED, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided August 27, 1957.

*Mr. Samuel V. Convery,* attorney for the plaintiff Lloyd Tutt.

*Mr. Thomas F. Shebell,* attorney for the plaintiff Isabelle Wright.

*Messrs. Durand, Ivins & Carton,* attorneys for the defendant Lloyd Tutt.

*Messrs. Gleeson, Hansen & Pantages,* attorneys for the defendant George S. Aufrecht, by his legal representative, James M. Coleman, Jr., limited administrator *pendente lite,* and James M. Coleman, Jr., limited administrator *pendente lite* of the estate of George S. Aufrecht, deceased.

SIMMILL, J. C. C.   On December 20, 1954 an automobile accident occurred in Avon, New Jersey, between cars operated by Lloyd Tutt, who is a plaintiff in one of these suits, which have been consolidated, and a co-defendant in the other, and an automobile operated by George S. Aufrecht.   Aufrecht

died October 10, 1955. On November 30, 1955 a will purportedly that of George S. Aufrecht was lodged with the Surrogate of Monmouth County but no application for probate was made. Thereafter, on March 15, 1957, the surrogate surrendered the will to an attorney for probate in New York State.

On December 10, 1956 Lloyd Tutt and Isabelle Wright, who allegedly sustained personal injuries in the accident, sought to institute suit against the estate of George S. Aufrecht. There being no personal representative, they each obtained an order granting letters of limited administration *pendente lite* upon his estate limited to the acceptance of service of process and these suits. . It is to be noted that plaintiffs' claims would have been barred by the statute of limitations ten days thereafter. Complaints were thereafter filed and service effected upon the limited administrator *pendente lite*.

Defendant now moves to set aside service of process upon the estate of George S. Aufrecht on the ground that the appointment of a limited administrator *pendente lite* of his estate is invalid and void and that, hence, the limited administrator had no authority and the estate is not bound by the service of process.

In a very well written memorandum defendant cites numerous cases, all of which follow *Cole v. Wooden,* 18 *N. J. L.* 15 (*Sup. Ct.* 1840), which state that limited administrators are appointees of the court and they have no right to administer the estate and their appointment ceases at the moment the purpose of their appointment terminates. With this contention there is no discussion. However, defendant states there is no such thing as a limited administrator *pendente lite*. They point out that administration *pendente lite* may be granted only for the purpose of preserving or caring for the estate during pending litigation, but there is no provision to appoint an administrator to attack or deplete the assets of the estate. Defendant strongly urges that there is a procedure which provides proper methods for the appointment of a personal representative, so that if an

executor fails or refuses to qualify, any person with an interest may apply for letters *c. t. a.,* or where next of kin fail to apply for letters of administration of an intestate, any fit person may apply.

With this contention the court takes issue. *Dickinson's Chancery Precedents (rev. ed.* 1894), at *pages* 58 and 59, specifically provide for letters of limited administration *ad prosequendum* in a case where a junior mortgage encumbrancer had no personal representative and the senior encumbrancer sought to foreclose. For a discussion as to this, see *Lothrop's Case,* 33 *N. J. Eq.* 246 (*Prerog. Ct.* 1880). The footnote at the bottom of *page* 58 in *Dickinson's Chancery Precedents* provides that the application may be made in advance of the filing of a bill in Chancery, and in such case the person appointed is made a party defendant and included in the prayer for subpoena as in ordinary cases.

It is facetious to suggest that when letters of administration *pendente lite* instead of letters of limited administration or letters of limited administration *ad prosequendum* is stated the entire case should fall. The calling of a rose by another name certainly will not alter the odor.

Moreover, *N. J. S.* 3A:6–14 provides that the County Court of each county may grant administration *ad litem,* temporary administration, administration *pendente lite,* or any form of limited administration. This is a form of limited administration in accordance with that statute. The court has carefully considered the defendant's contention with relation to administration *pendente lite* as discussed by Judge Clapp in 6 *New Jersey Practice, paragraphs* 385 and 388. *Section* 385 deals with temporary administration which, of course, is not applicable in this matter. *Section* 388 deals with administration *pendente lite* and discusses the usual form of such administration when there is a contest with relation to an estate or where by reason of pending litigation there is delay in the appointment of a personal representative, or when proceedings are pending for the removal of a personal representative. With these statements the court has no quarrel. But this court

holds that the statements therein contained do not limit administration *pendente lite* to the instances cited. This court holds, rather, that it has the authority to appoint in any case where justice demands it.

In the case in question, if there is to be a choice between niceties of wording or nomenclature and the denial of a litigant to his day in court, this court feels that the latter alternative should be sustained.

Plaintiff's application was apparently based on *R. R.* 4:99–8, which provides that no order appointing an administrator *pendente lite* or other limited administrator shall be granted without notice unless it appears by verified petition or complaint that immediate, substantial and irreparable injury, loss or damage will result to the applicant before notice can be served and hearing had thereon. Both of the complaints contained allegations to this effect, and these allegations are buttressed by the time limit which would have barred the action by the statute of limitations.

However, the above rule further provides that such an order granted without notice shall give any person in interest leave to move for the discharge of the administrator on no more than two days' notice. The order did not contain such a provision. There is no question but that the order of appointment did not comply with the rule and, hence, is defective. This court, however, does not feel inclined to go so far as to hold that the defect is fatal. All of the cases since the adoption of our new court system hold that the present judicial policy, while not intended to afford sanctuary to dilatory litigants, nevertheless has as its prime purpose the goal of promoting substantial justice. For this court to hold that the defect, which, of course, may be amended before any harm is done to the Aufrecht estate, is fatal would be to deprive plaintiffs of their day in court and defeat a trial on the merits. The court, therefore, will deny the motion on this ground, such denial to be without prejudice. As a cautionary note, if the defendant renews his motion at the trial, the court feels it will have no alternative other than that of granting it.