LARIO, J. T. C.
Plaintiff has appealed from a denial by the Director, Division of Taxation, to accept plaintiff’s application for a homestead tax rebate for the tax year 1980 filed pursuant to N.J.S.A. 54:4-3.80 et seq., known as the Homestead Rebate Act.
Defendant has now filed a motion for summary judgment to dismiss plaintiff’s appeal since plaintiff’s homestead rebate application for the tax year 1980 was filed out of time. The filing deadline for the tax year 1980, as extended by N.J.A.C. 18:12-7.-12(c), was March 3, 1980.
Plaintiff’s factual allegations which, for the purposes of this motion, must be accepted as correct, Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67, 75, 110 A.2d 24 (1954), are as follows:
*337 As of October 1, 1979 plaintiff Bertie A. Perrine, who at that time was 83 years of age, was the owner of 58 Lake Avenue, Ocean Grove, Neptune Township, New Jersey.
Plaintiff suffered a heart attack and stroke on January 10, 1979, causing her to be confined to Jersey Shore Medical Center in Neptune, New Jersey, from that date until the end of April 1979. Upon her discharge from the hospital she was placed in the Medicenter, a nursing home in Neptune City, where she remained until December 1979. During her stay at the hospital and the nursing home she was very seriously ill, under heavy medication and not able to perform any of her usual business functions. A niece looked after her financial affairs, such as paying doctor bills and nursing home charges. She is not aware of any mail being delivered to her at this time. Since plaintiff was not living in her home, the application for homestead rebate which had been mailed to her by the Division of Taxation was returned by the postal authorities to the Division.
Plaintiff did not realize that the application had not been filed until she did not receive her homestead rebate, whereupon she filed immediately. The application for refund was filed after March 3, 1980.
Plaintiff alleges that her failure to file is a direct and proximate result of her age, hospital confinement and subsequent incapacity.
By letter dated September 22, 1980, the Division of Taxation notified plaintiff that her application for the 1980 homestead rebate was denied because it was received after the March 3, 1980 extended filing deadline.
There is no allegation that the plaintiff was at any time incompetent. It is noted that the complaint filed with this court was executed by plaintiff, who originally appeared pro se, and attached thereto is a letter dated September 23, 1980 in longhand addressed to the court and signed by plaintiff explaining her factual contentions, which are clear and lucid and from which it can be presumed that as of September 23,1980 plaintiff was aware of her factual and legal situation and the nature and objective of this action.
*338 Based upon the above allegations, defendant has moved for summary judgment dismissing plaintiff’s appeal pursuant to R. 4:46, and it relies upon Horrobin v. Taxation Div. Director, 172 N.J.Super. 173, 1 N.J.Tax 213, 411 A.2d 479 (Tax Ct. 1979).
In contesting the motion plaintiff claims that by reason of her factual situation she has demonstrated good cause for her delay in filing. In support thereof plaintiff cites White v. Violent Crimes Comp. Bd., 76 N.J. 368, 388 A.2d 206 (1978).
At issue is whether plaintiff’s alleged state of mind, which she claims was affected by her physical and mental problems, purportedly the cause of her late filing, is a legal or equitable basis for extending the filing deadline. If so, defendant’s motion must be denied and the matter is required to proceed to a plenary hearing. See Exxon Corp. v. Wagner, 154 N.J.Super. 538, 541, 382 A.2d 45 (App.Div.1977); Allen v. Evesham Tp. Planning Bd., 137 N.J.Super. 359, 363, 349 A.2d 99 (App.Div. 1975).
The Homestead Rebate Act, supra, provides that every resident of the State of New Jersey is entitled annually to a homestead rebate on a dwelling house assessed as real estate which is owned and used by him as his principal residence. See, generally, Rubin v. Glaser, 83 N.J. 299, 416 A.2d 382 (1980).
Prior to July 1, 1979 jurisdiction for appeals under the Homestead Rebate Act was in the Division of Tax Appeals, Department of the Treasury. In Smith v. Director, Docket # HTR 368-78, decided February 1, 1979, the Division of Tax Appeals held that the final date established by the Director for filing of applications for homestead rebate claims was binding upon the Division of Tax Appeals, therefore, it was without jurisdiction to entertain any appeal from a refusal by the Director to accept an application which had been filed out of time. The Division of Tax Appeals was subsequently abolished, L. 1978, c. 33, § 27, and its jurisdiction in all matters pending before it, as of July 1, 1979, was transferred to this court pursuant to N.J.S.A. 2A:3A.l et seq.
*339 After its decision in Smith, the Division of Tax Appeals decided many homestead rebate appeals whereby it consistently followed its decision in Smith. When the jurisdiction of the Division was assumed by this court there were transferred to this court thousands of pending appeals filed under the Homestead Rebate Act, the majority of which involved the issue of late filing. In view of the large number of appeals involving this issue, this court decided to look at this issue anew and to fully review the entire matter. In Horrobin, supra, a thorough and well-considered opinion of this court, Judge Conley held that the Director did not abuse his discretion by refusing to accept the filing applications for rebate received beyond the time prescribed by law.
A claimant for a homestead rebate must file an application annually. N.J.S.A. 54:4-3.83(a). For the tax year 1980 it must have been filed by March 3, 1980. N.J.A.C. 18:12-7.12(c). Plaintiff’s reliance upon White, supra, as authority for tolling of the time limitation in the rebate statute is misplaced. See Galloway Tp. v. Petkevis, 2 N.J.Tax 85, 90-92 (Tax Ct. 1980). As pointed out in Petkevis, unlike the Violent Crimes Act, the purpose of the homestead rebate was not based upon humanitarian policies to “ameliorate the injustice to the victims,” White, 76 N.J. at 380, 388 A.2d 206 (emphasis supplied). Instead, its purpose is to assist the taxpayer in times of escalating property taxes, Rubin, 83 N.J. at 307, 416 A.2d 382, and, under the act as finally adopted, the physical, cognative or financial status of the taxpayer is not a relevant factor in qualifying for the rebate. In White the very injury for which the victim under the act was designed to be compensated was the cause of her delay in filing. The Supreme Court therefore reasoned that the Legislature intended that the period for filing a claim by a victim should not begin to run until the victim’s “crime-induced incapacity” had ceased. 76 N.J. at 387, 388 A.2d 206. Otherwise, the sole purpose of the act, compensation of victims of violent crimes, would have been defeated.
*340 Also, unlike a claim under the Violent Crimes Act, failure to timely file under the Homestead Rebate Act in any year does not preclude the applicant from filing in subsequent years. As this court stated in Horrobin: “The court concludes from the final version of the act that the Legislature consciously limited the availability of the homestead rebate to those property owners who filed applications within the time frame established in the statute.” 172 N.J.Super. at 182, 1 N.J.Tax at 221-222, 411 A.2d 479.
Since our decision in Horrobin the statutory filing deadline for homestead rebate applications has been strictly construed by this court and we have consistently held that late filing precludes an applicant’s right to a refund for that year, regardless of the applicant’s reasons for failure to meet the extended deadline.
This court has held that the Director has no duty to supply homeowners with a homestead rebate application and that an owner’s lack of knowledge of the homestead rebate program, the annual filing requirement or the time limitation for filing does not excuse late filing. See Hansen v. Director, Docket # HTR 1731-78. Likewise, the Director was held not to have abused his discretion in the following late-filing situations:
Taxpayers never received the form in the mail and were unaware of the filing deadline, Culp v. Director, Docket # HTR 1256-78; taxpayers who received rebate for prior years failed to file within time, thinking that it automatically continued annually, Mohan v. Director, Docket # HTR 431-80; plaintiffs were not mailed rebate form by the Director because they were new homeowners and not on computer, Hutchinson v. Director, Docket # HTR 1931-78; taxpayers who recently moved to New Jersey were not advised of homestead rebate program and they did not acquire knowledge thereof until after filing deadline, Arch v. Director, Docket # HTR 892-78 and Fahmy v. Director, Docket # HTR 982-78.
Denials by reason of late filings have also been upheld in the following instances:
*341 Taxpayer moved from one New Jersey residence to another after October 1, and his rebate form was not forwarded by the postoffice to his new address but instead returned to the Director pursuant to the Director’s instructions, Russo v. Director, Docket # HTR 375-78, Rudisky v. Director, Docket # HTR 384-78; taxpayer mistakenly believed when he purchased his home that he would either receive the renewal form automatically or the former owner would receive and file the form and that the rebate would be allocated by the Director between him and the new owner, Felman v. Director, Docket # HTR 1816-78.
Failure of the postal service to deliver the form was held not to be a valid excuse for filing after the deadline, Culp, supra, nor was failure of the local tax office to forward application forms at taxpayer’s request to him in Florida where he was temporarily on business, Kagan v. Director, Docket # HR 023A-79. Late filing was also not excused where the borough clerk ran out of rebate forms and there was no evidence of any type of application filed within time, Hutchinson, supra. See also, Giangiordano v. Director, Docket # HR 0194A-79, where a complaint was dismissed when, contrary to taxpayer’s instructions, taxpayer’s mail containing the rebate forms was not forwarded by the post office to him in Florida, but instead was returned to the Director.
Personal problems resulting from age, illness and family disruptions also have been held insufficient reasons to deny the Director’s motions for summary judgment dismissing complaints by reason of late filings of rebate applications. In Anderson v. Director, Docket # HR 1169-78, unawareness of the affirmative obligation to file within the prescribed time because of preoccupation with personal troubles and illness was deemed an insufficient reason to reverse the Director’s denial of the rebate. Appeals have also been denied where the taxpayer was 82 years old, ill and had been hospitalized several times within the last two months prior to the filing deadline, Golen v. Director, Docket # HR 0173-79, and in the instance of an elderly plaintiff who contended her late filing should be excused due to both *342 her own illness and her preoccupation with her husband’s illness and subsequent death, Monastersky v. Director, Docket # HR 300 B-80. In Ruskey v. Director, Docket # HR 321A-79, the Director’s denial was upheld where plaintiff contended she filed late because her husband, who previously handled all of the family’s business, died of a heart attack and by the time she was able to conduct her personal affairs, the time had expired.
In Eddy Estate v. Director, 4 N.J.Tax 360 (Tax Ct. 1982), an executor’s claim was denied where the homeowner died approximately one month prior to the filing deadline and the application was filed by the executor eight days late.
This court is sympathetic to the problems encountered by plaintiff by reason of the hospitalization and her physical condition existing immediately prior to the filing deadline. However, since the time limitation is statutory, as previously stated, “the Legislature consciously limited the availability of the homestead rebate to those property owners who filed applications within the time frame established in the statute,” Horrobin at 182, 411 A.2d 479, this court must enforce the legislative purpose and continue to strictly construe the time limitation for filing of applications under this act. Courts cannot engraft on the statute of limitations exceptions not contained therein, however inequitable the enforcement of the statute, without such exceptions, may be. Somerset Cty. Freeholder Bd. v. Vehthe, 33 N.J.L. 509, 513 (Sup.Ct.1882). The Legislature did not provide any extensions based upon a claimant’s state of mind, as claimed by plaintiff. If relief is to be afforded to litigants for a special reason for filing out of time, it must be granted by the Legislature; until then, this court is bound by the legislation as it exists.
For the tax year 1980 the Director extended the filing period to March 3, 1980 and thereafter he failed to grant any further extensions. This court cannot conclude that the Director abused the discretion given him by the Legislature in refusing to grant any further extensions. See Horrobin, 172 N.J.Super. at 184-185, 1 N.J.Tax at 223-224, 411 A.2d 479.
*343 Due to plaintiff’s failure to file her application within the time provided, she is ineligible for a 1980 homestead tax rebate; however, it is to be noted that her failure to qualify for the year under review does not disqualify her if she is otherwise qualified in a subsequent year.
Defendant’s motion for summary judgment dismissing plaintiff’s complaint is granted.