HOPKINS, J. T. C.
Plaintiff has appealed the action of defendant Director, Division of Taxation, in denying a claim for a 1980 homestead tax rebate. The Director denied the application on the basis that it was untimely filed. Plaintiff alleges that the claim was timely filed as the filing period was extended by N.J.S.A. 2A:14-23.1. That statute provides that no statute of limitation shall run on a cause of action in favor of a decedent, which had not been barred at his death, until at least six months after his death.
The facts, which are not in dispute, show that Wallace S. Eddy was the owner and resident of property located at 43 Gordon Road, Essex Fells, New Jersey, as of October 1, 1979. He died on February. 7,1980. Plaintiff qualified as the executor of Wallace S. Eddy’s estate on February 19, 1980. On March 11, 1980 plaintiff forwarded a homestead rebate claim to the Director. By letter dated June 30, 1980 the Director denied the claim on the basis that it was received beyond the March 3, 1980 extended filing deadline.
*362 The Homestead Rebate Act was enacted after the State Constitution was amended in 1975 to permit such legislation. It was part of a comprehensive tax plan which had, as its core, the imposition of an income tax. The legislation enacting the homestead rebate specifically provided that it would be inoperative unless and until a gross income tax was enacted. L.1976, c. 72, § 16.
The applicable provisions of the homestead rebate statutes are as follows:
Every citizen and resident of this State shall be entitled, annually, to a homestead rebate on a dwelling house and the land upon which such dwelling house is situated.... [N.J.S.A. 54:4-3.80(a)]
No homestead rebate, as provided herein, shall be allowed except upon written application therefor, which application shall be on a form prescribed by the Director of the Division of Taxation. ... [N.J.S.A. 54:4-3.82]
An application for a homestead rebate hereunder shall be filed with the assessor of the taxing district on or before December 1 annually and shall reflect the prerequisites for rebate on October 1 of the respective pretax year.... [NJ.S.A. 54:4-3.83(a) ]
Pursuant to authority contained in N.J.S.A. 54:4-3.87, the Director extended the filing deadline- for 1980 rebates to March 3, 1980.
Absent the application of N.J.S.A. 2A:14-23.1, plaintiff concedes that the claim was untimely submitted. N.J.S.A. 2A:14-23.1 reads as follows:
Cause of action belonging to a decedent
No statute of limitation running on a cause of action belonging to a decedent which had not been barred as of the date of his death, shall apply to bar a cause of action surviving the decedent’s death sooner than 6 months after death. A cause of action which, but for this section, would have been barred less than 6 months after death, is barred 6 months after death, unless tolled.
Black’s Law Dictionary (5 ed. West 1979), at 201, defines cause of action as
The fact or facts which give a person a right to judicial relief. The legal effect of an occurrence in terms of redress to a party to the occurrence. A situation or *363 state of facts which would entitle party to sustain action and give him right to seek a judicial remedy on his behalf....
In Tevis v. Tevis, 79 N.J. 422, 400 A.2d 1189 (1979), the court, in deciding when a cause of action in tort arose between spouses, stated as follows:
With respect to tort actions, the Legislature has not defined in the statute of limitations when a cause of action “shall have accrued” (N.J.S.A. 2A:14-2). The accrual of a cause of action in the tort field has been a matter for judicial determination.... We have long held that a cause of action in a tort accrues at the time when a right first arises to institute and maintain an action against a wrongdoer.... The right to maintain an action is not a prediction of success; it does not import the notion that the claimant will prevail on the merits or overcome all legal disabilities or affirmative defenses. It means simply the right to commence the action and to remain in court for purposes of having the claim adjudicated, as well as the opportunity to counter any legal or factual defenses which are raised. When this right attaches, the cause of action accrues. This is usually at the time of the commission of the wrong and the suffering of injury.... [at 431, 400 A.2d 1189]
As to tax eases, and in particular a claim for a homestead rebate, neither the parties nor the court have been able to ascertain precise precedent. The homestead rebate statutes speak in terms of a citizen and resident being “entitled” to a homestead rebate. N.J.S.A. 54:4- -3.80(a). That entitlement is made subject to a condition precedent by requiring that a written application be filed. N.J.S.A. 54:4-3.82. By analogy, a cause of action in tort arises when a right first arises to institute and maintain an action against a wrongdoer. Tevis v. Tevis, supra. That is a right to obtain redress for a wrong. A homestead rebate applicant cannot be wronged until his application is acted upon by the Director. Only at that time can a cause of action arise in favor of an applicant. Accordingly, the statutory extension of the statutes of limitation on decedent’s causes of action has no application to the deadline for filing claims for homestead rebates.
Since plaintiff’s application was not timely filed with the Director, a judgment will be entered dismissing the complaint.