RIMM, J.T.C.
In this homestead-rebate matter, plaintiff has appealed the action of defendant Director, Division of Taxation, denying a claim for a homestead rebate for tax-year 1983 filed pursuant *432 to the Homestead Rebate Act, N.J.S.A. 54:4-3.80 et seq. (the act).
Defendant seeks to dismiss plaintiffs appeal since plaintiff’s homestead-rebate application for tax-year 1983 was filed out of time. The filing deadline for tax-year 1983, as extended by the Director pursuant to authority granted him under N.J.S.A. 54:4-3.87 was January 17, 1983. N.J.A.C. 18:12-7.12(f).
Martha K. Olsson was the owner of and resident in property located at 417A Highland Drive, Manchester Township, Ocean County, New Jersey as of October 1, 1982.[1] On October 28, 1982 she suffered a brain hemorrhage and fell into a coma from which she never regained consciousness. Five days later, November 2, 1982, she died at the age of 77.
The decedent’s will was duly admitted to probate on February 1,1983. That same day decedent’s son, Norman D. Olsson, qualified as the executor of her estate. On behalf of his mother’s estate, plaintiff filed a homestead-rebate application for tax-year 1983 for his mother’s residence. An additional claim was made on the basis that Mrs. Olsson was over 65 years of age. N.J.S.A. 54:4-3.80, -3.81, -3.84. The application was dated February 19, 1983, and was received by the Division of Taxation on February 22, 1983, after the January 17, 1983 extended deadline for filing a homestead-rebate application for 1983.[2]
By letter dated May 27, 1983 the Director denied the claim on the basis that it was received beyond the January 17, 1983 extended-filing deadline, citing as authority for the action Per *433 rine v. Taxation Div. Director, 4 N.J. Tax 335 (Tax Ct.1982). Thereafter, plaintiff, acting pro se, filed a complaint in the Tax Court appealing the Director’s action. R. 8:4-1(c). At the time of the trial, the essential facts were stipulated and no testimony was taken. The parties did present their respective legal arguments.
The problem of late filing of homestead-rebate claims has been considered by the Tax Court on several occasions. See, e.g., Eddy v. Taxation Div. Director, 4 N.J. Tax 360 (Tax Ct.1982); Perrine, supra; Horrobin v. Taxation Div. Director, 172 N.J.Super. 173, 1 N.J. Tax 213, 411 A.2d 479 (Tax Ct.1979). In Perrine, Judge Lario said with respect to the late filing of rebate applications,
Since our decision in Horrobin the statutory filing deadline for homestead rebate applications has been strictly construed by this court and we have consistently held that late filing precludes an applicant’s right to a refund for that year, regardless of the applicant’s reasons for failure to meet the extended deadline, [at 340]
In Horrobin, Judge Conley said that White v. Violent Crimes Comp. Bd., 76 N.J. 368, 388 A.2d 206 (1978) required an analysis of the legislative intent and the objectives of the act to determine “whether the statutory filing deadline may be tolled in any particular case.” At 217, 411 A.2d 479. He also said: “There is no evidence in the statute or the history of its enactment that the Legislature intended any further extensions than as the Director ... decided to allow.” Id. at 222, 411 A.2d 479. He concluded:
that the Legislature consciously limited the availability of the homestead rebate to those property owners who filed applications within the time frame established in the statute. [Id. at 221-222, 411 A.2d 479]
In Perrine, plaintiff missed the March 3, 1980 filing deadline for homestead-rebate applications for tax-year 1980 because, while she was confined to a nursing home in order to convalesce from a heart attack, mail sent to her home, including a homestead-rebate application, was returned by the postal authorities to the sender. The court held that these facts did not excuse late filing.
*434 Plaintiff seeks to distinguish Perrine arguing that his mother’s total physical and mental incapacity in late October and early November 1982 culminating in her death on November 2, 1982 constitutes a situation different in kind from that found in Perrine justifying the tolling of the extended-filing deadline for 1983 homestead-rebate claims.
 When there is a nexus between a litigant’s reason for missing a statutory filing deadline and the very problem which the legislation seeks to redress, courts are authorized to toll the filing deadline in order to effectuate the underlying aims of the legislation. White, supra, 76 N.J. at 379, 388 A.2d 206. There is no nexus between the late filing in the present case and easing the burden of local property taxation, the underlying aim of the act, a required finding since “under the act as finally adopted, the physical, cognitive or financial status of the taxpayer is not a relevant factor in qualifying for the rebate.” Perrine, supra at 339. Accordingly, this court must follow the well-established and well-reasoned principles dealing with the late filing of homestead-rebate claims, and will not toll the January 17, 1983 filing deadline on the basis of Mrs. Olsson’s physical and mental condition which existed during late October and early November 1982.
Plaintiff makes an additional argument for tolling the January 17, 1983 extended-filing deadline. He contends that since he did not qualify as executor of his mother’s estate until after the January 17, 1983 extended-filing deadline the late filing is excusable. Upon Mrs. Olsson’s death, the executor of her estate, as fiduciary, had the right to claim a homestead rebate for tax-year 1983 which she would otherwise be entitled to claim. N.J.S.A. 54:4-3.86; N.J.A.C. 18:12-7.6, -7.9.[3] Since Mrs. Olsson failed to file a homestead-rebate application prior to her death, the executor of her estate had the right to submit a timely claim. Thus, the issue remaining is whether the deadline for the filing of a homestead-rebate claim should be *435 tolled when the deadline falls between the death of a homeowner on whose behalf the rebate claim is filed and the subsequent appointment of an executor of the homeowner’s estate.
Eddy is not dispositive of this issue. In that case the owner and resident of the property for which a homestead rebate was sought died on February 7, 1980. Plaintiff qualified as executor of Wallace S. Eddy’s estate on February 19, 1980. For tax-year 1980 the extended-filing deadline for rebate applications was March 3, 1980. Plaintiff did not forward a rebate claim to the Director until March 11,1980. Plaintiff argued the claim was timely filed relying on N.J.S.A. 2A:14-23.1. That statute states:
No statute of limitation running on a cause of action belonging to a decedent which had not been barred as of the date of his death, shall apply to bar a cause of action surviving the decedent’s death sooner than 6 months after death. A cause of action which, but for this section, would have been barred less than 6 months after death, is barred 6 months after death, unless tolled. [L. 1977, c. 61, § 1, eff. April 15, 1977]
This argument was rejected by Judge Hopkins for the following reason.
A homestead rebate applicant cannot be wronged until his application is acted upon by the Director. Only at that time can a cause of action arise in favor of an applicant. Accordingly, the statutory extension of the statutes of limitation on decedent’s causes of action has no application to the deadline for filing claims for homestead rebates, [at 363]
Judge Hopkins then dismissed plaintiff’s complaint since the application was not timely filed with the Director.
The distinction between this case and Eddy, on the basis of which plaintiff argues that this case warrants the tolling of the filing deadline, is that in Eddy plaintiff qualified as executor of the estate on whose behalf a homestead-rebate claim was filed prior to the filing deadline. Plaintiff, in addition, does not rely on N.J.S.A. 2A:.14-23.1. However, plaintiff’s theory does not warrant a result any different from that reached in Eddy.
Plaintiff could not qualify as executor of his mother’s estate until his mother’s will was admitted to probate. N.J.S.A. 3B:3-18. Under N.J.S.A. 3B:3-22 which states that “[n]o will shall be admitted to probate until after 10 days from the death of the testator,” the earliest date that plaintiff could have *436 qualified as executor would have been November 15, 1982[4] since Martha K. Olsson died on November 2, 1982. See In re Evans’ Will, 29 N.J.Eq. 571 (Prerog.Ct.1878) (Held that the issuance of letters testamentary on December 29 was erroneous where one died on December 19 since the will could not be proven or letters testamentary granted until after the expiration of the tenth day from the date of death). If plaintiff had acted in a diligent manner, he could have qualified as the executor of his mother’s estate and filed the homestead-rebate claim in a timely manner. But plaintiff need not have waited until the will was admitted to probate and he qualified as executor to file a homestead-rebate application on behalf of his mother’s estate even if there were some good and sufficient reason for delay.- Three statutes indicate that plaintiff could have met the January 17, 1983 filing deadline notwithstanding that he did not qualify as executor until February 1, 1983.
One of the three statutes, N.J.S.A. 3B:10-12, reads:
The Superior Court may grant administration ad litem, temporary administration, administration pendente lite, or any form of limited administration. [L. 1981, c. 405, § 3B:10-12, eff. May 1, 1982]
Well in advance of the January 17, 1983 extended-filing deadline, plaintiff, acting pursuant to N.J.S.A. 3B:10-12, could have petitioned the Superior Court for temporary appointment as a limited administrator for the purpose of filing the homestead-rebate application on behalf of his mother’s estate citing the filing deadline as the valid reason for the appointment. Limited administration has been used as a means to avoid the harsh effect of statutes of limitations on claims. For example, in Tutt v. Aufrecht, 46 N.J.Super. 252,. 134 A.2d 536 (Law Div. 1957), plaintiffs, who sustained personal injuries in an automobile accident, obtained letters of limited administration pendente lite upon the estate of George S. Aufrecht, the driver of the other car, limited to the acceptance of service of process of the *437 suits against the estate, there being no representative of the estate otherwise. “It is to be noted that plaintiffs’ claims would have been barred by the statute of limitations ten days thereafter.” Id. at 254, 134 A.2d 536.
Plaintiff, moreover, could have filed the homestead-rebate application on behalf of his mother’s estate before the filing deadline without even having to petition the Superior Court for letters of temporary administration. N.J.S.A. 3B:10-19, which describes when the duties and powers of a personal representative commence, states:
The duties and powers of a personal representative commence upon his appointment. The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. [L. 1981, c. 405, § 3B:10-19, eff. May 1, 1982; emphasis supplied]
Under this statute plaintiff could have filed the homestead-rebate application prior to his formal appointment as executor and such an action would have had the same legal effect as filing the application subsequent thereto. The filing deadline would then have been met.
Even if someone other than the duly qualified executor had filed the hornestead-rebate claim on behalf of plaintiff’s mother’s estate so as to satisfy the filing deadline plaintiff surely would have ratified and accepted such a prior act. In this regard, N.J.S.A. 3B:10-20 provides:
A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative. [L. 1981, c. 405, § 3B-.10-20, eff. May 1, 1982]
In view of the act, the statutes and the case law, plaintiff cannot avoid the consequence of late filing of a homestead-rebate application. “If relief is to be afforded to litigants for a special reason for filing out of time, it must be granted by the Legislature; until then, this court is bound by the legislation as it exists.” Perrine, supra at 342.
The Clerk of the Tax Court is directed to enter judgment dismissing the complaint.

Martha K. Olsson held a proprietary lease at a cooperative called Crestwood Village. Holders of proprietary leases in cooperatives can qualify for the homestead rebate if certain requirements, which are not relevant to this matter, are met. N.J.S.A. 54:4-3.80a., -3.80c. There is no dispute about whether for purposes of the act Martha K. Olsson, as of October 1, 1982, was the owner of and resident in property located at 417A Highland Drive, Manchester Township, Ocean County, New Jersey.

December 1 of the pretax year is the statutory deadline for filing homestead rebate claims. N.J.S.A. 54:4-3.83.

N.J.A.C. 18:12-7.6, -7.9 expired on August 15, 1983.

November 13, 1982 fell on a Saturday.