204 N.J. Super. 595 (1985)
499 A.2d 1017
WALTER N. HOVLAND, PLAINTIFF-RESPONDENT,
v.
DIRECTOR, DIVISION OF TAXATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1985.
Decided September 25, 1985.
*596 Before Judges BRODY and BAIME.
Harry Haushalter, Deputy Attorney General, argued the cause for appellant (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Michael W. Sozansky, Jr., on the brief).
David J. Lax argued the cause for respondent.
PER CURIAM.
This is an appeal from a judgment of the Tax Court directing payment of plaintiff's homestead rebate. At issue is whether the Division of Taxation improperly dishonored plaintiff's homestead rebate application because it was filed beyond the requisite statutory deadline. In a reported opinion, Judge Hopkins concluded that the taxpayer had established good cause for the delay in filing his application. 6 N.J. Tax 473 (Tax Ct. 1984). We agree and affirm substantially for the reasons expressed by the trial judge.
The facts are fully set forth in Judge Hopkins' opinion and need not be recounted at length. The Division of Taxation sent printed homestead rebate applications to all taxpayers in the latter part of October, 1982. Under N.J.S.A. 54:4-3.83a, all homestead rebate applications must be filed with the assessor of the taxing district on or before December 1. N.J.S.A. 54:4-3.87 empowers the director to grant extensions "for a reasonable period" based upon a showing of "good cause." Purporting to act under the authority of that section, the *597 Division granted a blanket extension of the December 1 statutory filing date and directed that all rebate applications be submitted on or before January 17, 1983. It is undisputed that shortly after receiving the application, plaintiff, the sole owner of the residential property, was diagnosed as suffering from cancer of the spine. He was hospitalized almost continuously from early November 1982 until the beginning of January 1983 at which time he was released to his mother-in-law's home where he remained bedridden. After a brief period of convalescence, plaintiff returned to his home. He completed the application for a rebate on January 18, 1983 while confined to his bed and in excruciating pain. The application was received by the Division on January 21, 1983, four days beyond the extended deadline.
During plaintiff's hospitalization, his wife, who was living with her mother, attempted to take care of some of their current financial obligations, such as payment of utility bills. However, plaintiff had set aside the rebate application form obviously intending to complete it in due course. His hospitalization, however, apparently intervened. The application was promptly completed and mailed upon plaintiff's return to his home.
Following an evidentiary hearing, Judge Hopkins found that plaintiff's serious illness effectively precluded him from filing his rebate application within the time period permitted under the Division's blanket extension. The court's decision was predicated upon N.J.S.A. 54:4-3.87 which, as noted, states that the "director shall, for good cause shown extend the time of any applicant to file a claim for a homestead rebate for a reasonable period." The trial judge rejected the Division's argument that "good cause" exists only where the taxpayer is totally disabled and has no one to assist in his affairs. Rather, the court stated that the statute was "remedial" and was to be "construed liberally" to accomplish the social aim of the Legislature which was to "afford relief from the recognized burden of increasing local property taxes." 6 N.J. Tax at 480-481.
*598 Initially, we are entirely unpersuaded by the Division's contention that the blanket extension granted by the Director obviated the necessity of individualized consideration of all applications filed beyond January 17, 1983. Although the Tax Court has apparently adopted the Division's position in several reported decisions, see Perrine v. Taxation Div. Director, 4 N.J. Tax 335, 342 (Tax Ct. 1982), and Horrobin v. Taxation Div. Director, 1 N.J. Tax 213, 223, 172 N.J. Super. 173 (Tax Ct. 1979), we are convinced that the Legislature contemplated a more flexible approach. While we recognize the need for predictability and orderliness in the administration of our tax laws, we conclude that the Division cannot avoid its statutory responsibilities upon the basis of mere inconvenience. Nothing has been presented to us which would indicate that individualized consideration of extension applications would pose a serious impediment to administration of the statutory scheme.[1] In any event, we are of the view that the statute requires the exercise of sound discretion by the director in light of the facts and circumstances of each particular case.[2]
We reject the Division's alternative argument that good cause is established only where the taxpayer is totally incapacitated and is without any assistance. In our view, the proposed standard is unduly rigid and fails to comport with the legislative purpose. Of course, we acknowledge that "when statutory construction is necessary or permitted, tax preference provisions are strictly construed against those claiming exemption." MacMillan v. Taxation Div. Director, 180 N.J. Super. 175, 178 (App.Div. 1981), aff'd 89 N.J. 216 (1982). See also Bloomfield v. Academy of Med. of N.J., 47 N.J. 358, 363 (1966); *599 Allied Textile Printers v. Dir., Div. of Tax, 145 N.J. Super. 456, 461 (App.Div. 1976), certif den. 74 N.J. 271 (1977); In re Estate of Lillis, 123 N.J. Super. 280, 283 (App.Div. 1973). Further, we have recognized that there is no justifiable distinction between a tax exemption and a rebate. MacMillan v. Taxation Div. Director, supra, 180 N.J. Super. at 178. "[T]here seems to be little difference between not taking the money in the first instance and later refunding it or part of it...." Ibid. However, the tax preference presumption against exemption is a judge-made device designed to effectuate what we perceive the Legislature wants us to do. The ultimate inquiry remains the legislative intent.
As noted by Judge Hopkins, the overall objective of the Legislature in enacting the Homestead Rebate Act, N.J.S.A. 54:4-3.80 et seq., was to grant property tax relief. The statutory scheme was adopted after the Tax Clause of our Constitution had been amended by approval of the voters at the general election of November 4, 1975. The amendment authorized the Legislature to adopt a "homestead statute" entitling homeowners "to a rebate or a credit of a sum of money related to property taxes...." N.J. Const. (1947), Art. VIII, § 1, par. 5. At the next general election, the Constitution was again amended to provide that the net receipts from any personal income tax be annually appropriated by the Legislature to counties, municipalities and school districts "exclusively for the purpose of reducing or offsetting property taxes." N.J. Const. (1947), Art. VIII, § 1, par. 7. Clearly, plaintiff is a member of the class intended to benefit from the constitutional amendments adopted and the implementing legislation. Thus, we are not concerned here with whether a taxpayer qualifies for an exemption, deduction or rebate. Rather, the question presented is whether plaintiff must be deemed to have forfeited his right to claim a rebate by virtue of his excusable failure to adhere to the director's extended filing deadline.
*600 We are convinced that the Division's interpretation of the statute is unduly restrictive and conflicts with the legislative purpose. Stripped to its essentials, the Division's argument is that good cause and impossibility are equivalent terms. We disagree. We do not discern a legislative purpose to confine the statutory phrase so narrowly. The term "good cause" appears in many of our statutes and rules. The very essence of the phrase is its ability to afford relief in exceptional situations. See Nemeth v. Otis Elevator Co., Inc., 55 N.J. Super. 493, 497 (App.Div. 1959). We need not define the outermost parameters of the director's discretion. Suffice it to say, the severe and incapacitating illness from which plaintiff suffered coupled with his good faith attempt to comply with the statutory time period served to excuse his failure to adhere to the filing deadline established by the director. We thus concur in the trial judge's finding that good cause was established by the exceptional and extenuating circumstances present in this case.
Accordingly, the judgment of the Tax Court is affirmed in all respects.
NOTES
[1] We note that the statute requires the director to provide a statement of reasons where he refuses to certify a taxpayer's claim. N.J.S.A. 54:4-3.89a.
[2] We have no occasion here to consider whether N.J.S.A. 54:4-3.87 authorizes the director to grant a blanket extension. We merely hold that the Division cannot avoid its statutory duty by granting all taxpayers an extension without reference to the "good cause" standard set forth in N.J.S.A. 54:4-3.87.