PER CURIAM.
Plaintiff Center for Molecular Medicine and Immunology (CMMI) appeals from a judgment of the Tax Court dismissing its complaint against the Township of Belleville for failure to file its appeal seeking tax exemption for the 1997 tax year within the time limitation prescribed by N.J.S.A. 54:3-21. We reverse and remand for'further proceedings.
CMMI is a non-profit entity devoted to research in the detection, diagnosis and treatment of cancer. It is exempt from federal taxation under I.R.C. § 501—(C)(3). The subject property is located at 235 Franklin Avenue and designated on the Belleville tax map as Block 540, Lot 1.01. The 1997 assessment appealed from is as follows:
Land $ 684,800
Improvements 3,547,100
Total $4,231,900
*195 CMMI relocated from the State of Kentucky to New Jersey in 1983 and was headquartered in Newark where it leased 17,500 square feet of space from the University of Medicine and Dentistry of New Jersey (UMDNJ). CMMI renewed its lease in 1989 and continued to occupy the premises in Newark until its relocation to Belleville in the fall of 1996. During this time CMMI was not assessed and did not pay property taxes on its leased Newark headquarters.
As CMMI expanded its operations, the 20,000 square foot location at UMDNJ in Newark could not suitably accommodate the equipment and staffing for 250 employees. Seeking a new facility from many potential sites, CMMI settled on the 200,000 square foot site in Belleville for its proposed facility called the Garden State Cancer Center.
According to the certification of Raymond H. Menard, CMMI’s vice president of administration, CMMI representatives had about forty formal public meetings with officials of Belleville and the County of Essex respecting the proposed use of the subject property as a cancer research facility. From the outset public controversy over the proposed use centered on the assumption that CMMI would be entitled to a local property tax exemption.
Articles in the local press gave coverage to objectors who lamented that the vacant property owned by the County of Essex and formerly occupied by Essex County Geriatric Hospital would be unavailable as a tax ratable. Comments from the Essex County Executive and Freeholders as well as the Belleville Mayor, Council and Planning Board at various public meetings acknowledged that CMMI would be exempt from taxes. Ultimately, the Township Council supported the project. The Essex County Board of Chosen Freeholders voted unanimously to approve the transaction and renovation of the property. On July 20, 1995, CMMI signed a twenty-five year lease as tenant with the owner of the property, the County of Essex.
CMMI did not file for a tax exemption pursuant to N.J.S.A. 54:4-4.4, which requires a claimant to file an application with the *196 tax assessor by November 1 of the pre-tax year. As a result, Thomas Salzano, the Belleville Tax Assessor, placed the property on the 1997 public tax roll with a total assessment of $4,231,900. On December 19, 1996, he posted a public notice in a local paper that the 1997 assessment list was available for inspection pursuant to N.J.S.A. 54:4-38. On January 29, 1997, Salzano sent CMMI a letter as required by N.J.S.A. 54:4-38.1, advising that the subject property would be placed on the 1997 tax list. However, the letter was mailed to CMMI’s previous address at 1 Bruce Street in Newark even though the letter referenced the property at 235 Franklin Avenue in Belleville.
Dr. Menard certified that Salzano’s letter of January 29, 1997, was not received at CMMI’s Belleville headquarters until March 31, 1997, one day before April 1, the last date for filing a tax appeal under the statutory period of limitations of N.J.S.A. 54:3-21. Dr. Menard further certified that CMMI officials were unaware of the April 1, 1997, statutory deadline and that the assessor’s letter failed to contain that information. Contrary to this assertion, Thomas Salzano certified as follows:
On February 10, 1997, I received a telephone call at my office from Kevin Murphy, Esq., the attorney for CMMI. I spoke to Mr. Murphy on that day and he advised me that he had received a copy of the January 29,1997 letter.
Representatives of CMMI met with officials of Belleville on May 19, 1997, to discuss the issue of tax exemption and whether Belleville would agree to return all taxes due as permitted by N.J.S.A. 54:4-3.66. It was agreed that Belleville would waive the November 1, 1996, deadline for filing the initial registration form and that CMMI would file the form as soon as possible. The issue of whether CMMI was exempt under N.J.S.A. 54:4-3.6 was left to the tax assessor, Mr. Salzano.
CMMI filed the initial registration form on May 29,1997, and on the same date filed a tax appeal with the Essex County Board of Taxation. On June 2,1997, Salzano wrote to CMMI denying a tax exemption for the property because “we could not find a clear explanation in Title 54 to grant the exemption.” Two days later, on June 4, 1997, the Essex County Board of Taxation denied *197 CMMI’s petition of appeal because it was not timely filed in accordance with N.J.S.A. 54:3-21.
CMMI filed an appeal with the Tax Court on July 14, 1997, claiming entitlement to an exemption from tax under N.J.S.A. 54:4-3.6. In response, Belleville filed a motion to dismiss the complaint on grounds that the initial tax appeal was not filed prior to the statutory filing deadline of April 1, 1997, or within forty-five days of notification of change of assessment. N.J.S.A. 54:3-21.
The Tax Court judge granted Belleville’s motion and dismissed the complaint. Noting the strong public policy for strict adherence to the limitation period of N.J.S.A. 54:3-21, see, e.g., Clairol Inc. v. Kingsley, 109 N.J.Super. 22, 262 A.2d 213 (App.Div.), aff'd o.b., 57 N.J. 199, 270 A.2d 702 (1970), the judge held that since the original petition of appeal was submitted to the Essex County Board of Taxation after April 1, 1997, the County Board was correct in dismissing the appeal for late filing. Accordingly, the complaint filed with the Tax Board was equally time barred. St. Michael’s Passionist Monastery v. Union City, 195 N.J.Super. 608, 611, 481 A.2d 304 (App.Div.1984).
The Tax judge found no merit to CMMI’s claim that its due process rights were violated. Accepting CMMI’s contention that the January 29, 1997, letter sent to the Newark address was not received until March 31, 1997, he noted that CMMI had not filed the initial statement pursuant to N.J.S.A. 54:4-4.4 or notified the tax assessor of its change of address. He held that receipt of notice on March 31, 1997, was sufficient notice and that CMMI’s claim that they were unaware of an assessment was invalid because of its failure to inquire about the assessment with Belle-ville. As to CMMI’s estoppel argument, the Tax Court judge found it unpersuasive, stating that the doctrine is seldom applied against governmental entities and only when material facts are concealed or misrepresented.
We note initially that the Tax Court judge properly rejected Belleville’s argument as to the applicability of that portion of *198 N.J.S.A. 54:3-21 permitting the taxpayer forty-five days to appeal from a change in assessment since this was an initial assessment. Moreover, the judge also accepted for purposes of determination on summary judgment the position asserted by CMMI that it had no notice of the assessment until receipt of the January 29, 1997 letter from the Belleville tax assessor on March 31, 1997.
However, accepting, as we must, the record viewed most favorably to CMMI, we find that CMMI was deprived of procedural due process because it did not receive adequate notice for a meaningful opportunity to be heard on its claim of statutory exemption and estoppel. See In re the Registrant, C.A., 146 N.J. 71, 93, 679 A.2d 1153 (1996); Doe v. Poritz, 142 N.J. 1, 107, 662 A.2d 367 (1995).
Receipt of notice from the tax assessor as mandated by N.J.S.A. 54:4-38.1 the day before the expiration of the statute of limitations in N.J.S.A. 54:3-21 is not consistent with due process. It is unfair and unrealistic to require the initiation of an appeal on the question of tax exemption within twenty-four hours or less or suffer the consequences of a tax assessment of over $4 million.
The record reveals that CMMI had an expectation of being tax exempt. Indeed, while the tax assessor denied the contention of Dr. Menard that he had stated that CMMI was tax exempt, the record indicates that at the May 27, 1997, meeting he admitted he had originally ruled that CMMI was entitled to tax exempt status only to be overruled by the County Board. The record also reflects .much public debate on the proposed takeover by CMMI of the Belleville property, all of which assumed that CMMI would be tax exempt. To strictly enforce the statutory mandate of N.J.S.A. 54:3-21 under these circumstances would be unjust in light of the late notice received. See Brick Tp. v. Block 48-7, Lots 34, 35, 36, 210 N.J.Super. 481, 510 A.2d 101 (App.Div.), certif. denied, 107 N.J. 67, 526 A.2d 151 (1986), cert. denied, 481 U.S. 1049, 107 S.Ct. 2181, 95 L.Ed.2d 838 (1987). Cases cited by Belleville placing the onus for strict compliance with statutory time periods, Galloway *199 Tp. v. Petkeuis, 2 N.J. Tax 85 (1980), or excusing technical errors by the municipality, Wheaton v. Mickel, 63 N.J.L. 525, 42 A. 843 (Sup.Ct.1899), are distinguishable since they dealt with non-exempt taxpayers.
We do not find it dispositive that CMMI failed to file an initial statement requesting exemption under N.J.S.A. 54:4-4.4 in light of CMMI’s certifications and other portions of the record indicating acceptance by Belleville of exempt status for CMMI. Moreover, the fact that no formal notification was given to the tax assessor of CMMI’s change of address from Newark to Belleville does not excuse the fact that notice was not sent to plaintiff at the subject property. A reasonable inference could be drawn from the record that the tax assessor knew or should have known over a year after the recommendation by the governing body of Belleville and acceptance by the Essex County Board of Freeholders that CMMI was occupying a large property within the relatively small municipality of Belleville. Therefore, we hold based on the record below that it was error for the Tax Court to dismiss the complaint. R. 4:46-2; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995).
Reversed and remanded for further proceedings in accordance with this opinion.