KAHN, J.T.C.
Plaintiff (taxpayer) has appealed the denial by the defendant (Director) of her application for a homestead rebate provided by N.J.S.A. 54:4-8.59, et seq., for the year 2001. Defendant alleges (1) that taxpayer failed to apply for her homestead rebate in a timely manner, and (2) that taxpayer failed to file her appeal from the Director’s denial within the required 90 days. For the reasons hereinafter set forth, this court must dismiss taxpayer’s complaint.
Taxpayer is seventy-two years old. Her total gross income for 2001 was $13,733. Taxpayer claims she has no one but her elderly brother, who lives in California, and holds a power of attorney over her affairs. Taxpayer has a wide array of medical conditions: a chronic thyroid condition, bipolar disorder, hyper-somnolence, narcolepsy and signs of low-level myocardial injury. She was on social security disability from 1989 until her 65th birthday. Last year, she sold her home due to her inability to maintain the property on her social security income.
Taxpayer testified that she requested two consecutive extensions to file her federal income tax return. She produced documentary evidence of an extension to August 15, 2002 (which would include an extension within which time to file the New Jersey income tax return).[2] She testified that she received a second extension for an indefinite period, but produced no documentary evidence. She filed all of her returns on December 22, 2002, which she contended was within the time limit of the second extension.
On April 30, 2003, taxpayer received a letter denying her rebate request because of her untimely filing. No other reason was included. The letter indicated that any appeal from the Director’s determination “must be received by the Tax Court within 90 days of the date” of the final determination letter, which would be July 29, 2003. The letter further indicated that an appeal should be *80 directed to “Office of the Clerk, Tax Court of New Jersey, Hughes Justice Complex, PO Box 972, Trenton, N.J. 08625.”
There is no dispute that on June 12, 2003, taxpayer (within the 90-day period) directed a letter, which clearly indicated an intention to appeal, to the Department of the Treasury (Division of Taxation, PO Box 253, Trenton, New Jersey 08695-0253) and not to the Clerk of the Tax Court. On July 18, 2003, taxpayer received a notice from the New Jersey Division of Taxation, stating: ‘We have received your correspondence regarding the Homestead Rebate Program. Due to the current volume of mail, additional time will be required to process your correspondence.” Taxpayer testified that on September 11, 2003, she spoke with a woman, named Simone Alexander, employed by the Tax Court Management Office, who indicated that taxpayer’s papers had never been received by the Tax Court.
Taxpayer testified that subsequent thereto, with help from the Fairlawn Tax Assessor’s Office, she filed a letter, in the nature of an appeal, to the Tax Court, on September 30, 2003, two months after the expiration of the 90 days. Although taxpayer’s conversation of September 11, 2003 with a representative of the Tax Court was clearly past the aforementioned 90-day period, taxpayer indicated that she would have filed sooner, if she had not been admitted into an inpatient epilepsy monitoring program on September 19, 2003, further past the expiration of 90 days.

Homestead Rebate Filing Date

In New Jersey, when a taxpayer receives a four-month extension to file the federal income tax return, the taxpayer is automatically granted a four-month extension to file the New Jersey income tax return. A taxpayer must attach a copy of the federal application that grants the automatic extension and enclose the copy with the final federal and State returns. If taxpayer receives an additional extension, a copy of such additional extension must also be included when filing.
N.J.S.A. 54:4-8.62 states that a “rebate application must be submitted as part of the claimant’s New Jersey gross income tax return or, if the claimant is not required to file a gross income tax *81 return, on any form and at any time as the Director of the Division of Taxation may prescribe.” The State of New Jersey website posts, that when applying for a homestead rebate:
If you are required to file a New Jersey income tax return, you must complete the homestead rebate application and file it at the same time you file your New Jersey income tax return (generally April 15). If you have requested an extension of time to file your State income tax return, the filing deadline for your rebate application is also extended. File your rebate application with your State income tax return on or before the extended due date.
Hence, a homestead rebate application must be considered timely if it was filed concurrently with a State income tax return, if the taxpayer had requested and had been granted either a State or federal income tax return extension.
In the present case, taxpayer submitted proof that a four-month extension had been filed and approved, and claimed that a second, indefinite extension was granted. However, a May 21, 2003 letter to the taxpayer from the Department of the Treasury (Internal Revenue Service) indicated that an extension was granted up to August 15, 2002. Taxpayer provided no additional corroboration of her claimed second extension. Although there is no dispute that taxpayer filed her income tax returns, including the rebate application, on December 22, 2002, such filing is approximately five months after the deadline, based upon the acknowledged extension. This court finds, therefore, that taxpayer has failed to prove an additional extension, rendering untimely her filing of the rebate application on December 22, 2002.
N.J.S.A. 54:4-8.62 provides that in the case of an untimely filing, “the Director shall, for good cause shown extend the time of any applicant to file a claim for a homestead rebate for a reasonable period.” In Hovland v. Director, Div. of Taxation, 6 N.J.Tax 473 (Tax 1984), aff'd, 204 N.J.Super. 595, 499 A.2d 1017 (App.Div. 1985), certif. denied, 102 N.J. 400, 508 A.2d 258 (1986), the Tax Court found that a liberal construction of the term “good cause” was necessary in order to uphold the statutes legislative objective “to relieve homeowners of [aj portion of local property tax burden and, in addition, provide relief to the elderly, disabled and, in certain circumstances, spouses of decedents.... ” Hovland, 6 N.J.Tax at 480. In Hovland, taxpayer had been diagnosed with *82 cancer of the spine and had been continuously hospitalized in extreme pain. During his hospitalizations, his wife took care of their simple financial affairs and placed more complicated matters on hold until his return. When taxpayer returned from the hospital, he completed his homestead rebate application from his bed and submitted the application one day late. The court held that “good cause” should be determined on a case-by-case basis, and after considering the circumstances of the case, ordered that the Director make payment of taxpayers homestead rebate. Id. This was a sharp break from the holding in Perrine v. Taxation Div. Director, 4 N.J.Tax 335 (Tax 1982), which strictly construed the statutory filing deadline to find that the taxpayers heart attack, stroke and subsequent incapacity did not provide an equitable basis for extending the filing application for a homestead rebate deadline. Hovland disavowed the more restrictive ruling in Perrine and stands for the proposition that an “unduly rigid” interpretation of good cause “fails to comport with the legislative purpose” of the statute. Hovland, 204 N.J.Super. at 598, 499 A.2d 1017.
In the present case, looking at the totality of the circumstances, taxpayer, although suffering from serious maladies, has presented insufficient evidence of an inability to comply with the filing deadlines. A “good cause” standard must not be abused and must only be reserved for those who can show a serious need. There is no evidence that taxpayer was medically unable to file the application in a timely manner, and thus, this court finds “good cause” does not exist to extend the filing deadline.

Untimely Appeal

A complaint seeking review of the Director’s denial of a homestead rebate, or NJ-SAVER claim, must be filed within 90 days of the issuance of the denial. N.J.S.A. 54:4-8.66. An appeal to the Tax Court is “the exclusive remedy available to any taxpayer for review of a decision of the Director in respect to the denial of all or part of a NJ-SAVER rebate or homestead rebate.” N.J.S.A. 54:4-8.66(b). The 90-day appeal period acts as a statute of limitation and is strictly enforced in tax cases in order to *83 provide finality and predictability of revenue to state and local governments. Bonanno v. Director, Div. of Taxation, 12 N.J.Tax 552, 556 (Tax 1992). See F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424, 495 A.2d 1313 (1985). “[H]ow a complaint is filed in the Tax Court is a matter of practice and procedure, but when a complaint may be filed is a matter of jurisdiction.” (Emphasis added.) Heico Corp. v. Director, Div. of Taxation, 20 N.J.Tax 106, 125 (Tax 2002). See Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 38, 40 (Tax 1982). See Bass River Tp. v. Driscoll, 3 N.J.Tax 177, 182 (Tax 1981).
Only on very rare occasions, has this court allowed a tolling of a jurisdictional statute of limitation. In Center for Molecular Medicine and Immunology v. Tp. of Belleville, 19 N.J.Tax 193 (App. Div.2000), the Appellate Division found that it was “unfair and unrealistic” to expect a taxpayer to file an appeal within the statutory deadlines when they had only discovered twenty-four hours earlier that a need to appeal existed.
In the present action, taxpayer was notified by mail of her right to appeal and was instructed as to where the appeal should be directed. Taxpayer, however, sent her original appeal to the wrong location (on June 12, 2003), and unfortunately, when she finally did send an appeal to the Tax Court (on September 30, 2003), the statutory deadline had passed by two months. Her admission into the epilepsy monitoring program, on September 19, 2003, is of no consequence, the appropriate filing deadline, of July 30, 2003, having passed. Although this court is sympathetic to taxpayer’s condition, these circumstances do not warrant a tolling for the filing deadline, and thus, this court is required to dismiss the complaint as untimely filed. For the reasons set forth, this court finds for the defendant.
The Tax Court Clerk/Administrator shall enter judgment in favor of the defendant, dismissing taxpayer’s complaint.

 The New Jersey homestead rebate application is part of the New Jersey income lax return.