ANDREW, J.T.C.
This is a state tax case involving the New Jersey Gross Income Tax Act, N.J.S.A. 54A:1-1 et seq. The issue in this matter focuses on the proper computation of the “resident credit” to be allowed plaintiffs, Joseph T. and Janice M. Willett, pursuant to N.J.S.A. 54A:4-1 for taxes plaintiffs paid to other taxing jurisdictions.
Defendant, Director of the Division of Taxation, calculated plaintiffs’ credit for taxes paid to other taxing jurisdictions in three distinct steps while plaintiffs maintain that there is no authority for the Director to calculate the resident credit in the manner that he did. On April 18,1988, the Division of Taxation sent a final determination letter to plaintiffs indicating a deficiency of $387 in gross income tax plus penalty and interest for the tax year of 1984. The deficiency resulted solely from the difference in the methods by which plaintiffs and the Director had calculated plaintiffs’ resident credit for income taxes paid to New York State and New York City.
*404 Plaintiffs paid the claimed deficiency including interest and penalty and then filed a complaint with this court challenging the methodology employed by the Director in computing the resident credit. The matter is now before me on the Director’s motion for summary judgment. Plaintiffs, however, also seek a ruling without the necessity of a plenary hearing. There is no dispute as to any material facts, therefore, a summary determination is appropriate. R. 4:46-2.
The resident credit is authorized by N.J.S.A. 54A:4-1 which provides in pertinent part:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax or wage tax imposed for the taxable year by another state of the United States or political subdivision of such state, or by the District of Columbia, with respect to income which is also subject to tax under this act.
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer’s income subject to tax by the other jurisdiction bears to his entire New Jersey income. [Emphasis supplied]
As can be seen from the resident credit provision, subsection (a) allows a credit for the actual amount of income taxes paid to other taxing jurisdictions while subsection (b) sets forth what has been called the “maximum allowable credit”, and provides for a determination of the credit by multiplying the New Jersey gross income tax otherwise due by a ratio consisting of the amount of the taxpayer’s income subject to tax by the other jurisdiction divided by his or her entire New Jersey income.
Following the dictates of subsection (b) plaintiffs, for tax year 1984, computed their resident credit as follows:
1. Income subject to tax by New York State $174,823
2. Income subject to tax by New Jersey $186,210
3. Tax otherwise due New Jersey $ 5,812
4. Maximum allowable credit: $174,823 $186,210 x 5,812 $ 5,457
*405 In its audit of plaintiffs’ gross income tax return the Division recomputed plaintiffs resident credit utilizing a three-step procedure. This procedure was employed because plaintiffs had income in the amount of $2,560 subject to tax by New York City that was not subject to tax by New York State[1] and additionally, plaintiffs had received a lump sum pension distribution of $25,346 which formed part of their total taxable income for New York State but was not taxed at the same effective tax rate by New York State as their other income. In other words, plaintiffs’ lump sum pension distribution was permitted to be treated differently than the balance of their income by New York State tax law. See N.Y. Tax Law § 637 (McKinney 1989).[2]
The Director views the resident credit provision in N.J.S.A. 54A:4-1 as providing two effective limits on the amount of credit. First, subsection (a) of the statute limits the credit to the actual amount of taxes imposed by other taxing jurisdictions. See N.J.S.A. 54A:4-l(a). In those situations, however, when the actual amount of taxes imposed by the other taxing jurisdictions is greater than the taxes which would be payable to New Jersey on that income, New Jersey limits the credit in subsection (b) of N.J.S.A. 54A:4-1 to a portion of the gross income tax otherwise due New Jersey based on the ratio of the taxpayer’s income subject to tax by the other jurisdiction divid *406 ed by the taxpayer’s entire New Jersey income. See N.J.S.A. 54A:4-l(b).
Thus, the Director maintains that the maximum credit allowable to plaintiffs is the lesser of the computations under subsection (a) (the actual taxes) or subsection (b) (maximum-allowable-credit fraction or ratio) and in order to determine which computation is less, the Director is required to determine the credit under both subsection (a) and subsection (b). Whichever calculation produces the lower amount is the maximum credit allowed.
In this case, the Director was required to make calculations in three separate steps in order to determine plaintiffs’ allowable credit. First, the Director calculated the allowable credit on plaintiffs’ lump sum distribution under subsection (b) as follows:
1. Lump-sum pension distribution subject to tax by New York State $ 25,346
2. Income subject to tax by New Jersey $186,210
3. Tax otherwise due New Jersey $ 5,812
4. Maximum allowable credit:
$25,346/$186,210 x $5,812= $791
The Director then noted that the actual tax paid by plaintiffs to New York State on the lump sum distribution was only $393. Since the actual taxes paid by plaintiffs to New York State on this segment of income was less than the computation under subsection (b) of N.J.S.A. 54A:4-1, i.e., $791, plaintiffs were limited to the actual taxes paid, i.e., $393.
The balance of plaintiffs’ income subject to tax by New York State, i.e., $149,477 ($174,823 - $25,346 = $149,477) was then calculated to again determine whether the actual taxes imposed by New York State (subsection (a)) or the maximum-allowable-credit provision of subsection (b) should be the measure of the resident credit as follows:
*407 1. Other income subject to tax by New York State $149,477
2. Income subject to tax by New Jersey $186,210
3. Tax otherwise due New Jersey $ 5,812
4. Maximum allowable credit: $149,477 $186,210 5,812 $ 4,665
The Director observed that plaintiffs paid $11,378 in tax to New York State on this income of $149,477, and therefore, since the actual taxes paid as permitted under subsection (a) exceeded the maximum allowable credit computed under subsection (b) of $4,665, the lesser of the two figures was allowed as resident credit.
Lastly, the Director calculated the amount of resident credit to which plaintiffs were entitled for the taxes which they paid to New York City for income that was subject to tax by New York City in excess of their New York State taxable income.[3] These computations were as follows:
1. Income subject to tax by New York City in excess of New York State taxable income $ 2,560
2. Income subject to tax by New Jersey $186,210
3. Tax otherwise due New Jersey $ 5,812
4. Maximum allowable credit: $2,560/$186,210 x $5-812= $ 80
The Director then noted that the actual taxes due New York City on the sum of $2,560 would only be $12 because New York City’s tax rate was only .45% ($2,560 X .0045 = $12). Inas *408 much as the actual taxes imposed by New York City on this income was $12, the maximum allowable credit provision of subsection (b) which produced a credit of $80 was ignored and the actual tax of $12 under subsection (a) was permitted.
The total resident credit as permitted by the Director was as follows:
1. Credit for lump sum distribution based on actual taxes paid (subsection (a)) $ 393
2. Credit for other income subject to tax by New York State based on maximum allowable credit (subsection (b)) $4,665
3. Credit for income subject to tax by New York City in excess of New York State taxable income based on actual taxes paid (subsection (a)) $ 12
Total $5,0T0
Since plaintiffs’ computations, using a one-step procedure under subsection (b), produced a credit of $5,457 the Director assessed a deficiency of $387 ($5,457 — $5,070 = $387) plus interest and penalty, which, as previously indicated, plaintiffs have paid.
Plaintiffs maintain that the Director should not be permitted to make a separate calculation of resident credit for the lump sum distribution because such a procedure “is arbitrary, capricious, unduly onerous or otherwise unreasonable” and “has the real effect of causing the lump sum distribution to be doubly taxed, in direct violation of N.J.S.A. 54A:4-1.”
In essence, plaintiffs argue that, since the full amount of the lump sum pension distribution is subject to tax by New York State, a separate calculation for that income alone is unnecessary and plaintiffs’ use of the maximum allowable credit provision of subsection (b) of N.J.S.A. 54A:4-1 is correct.
*409 Defendant, in response, argues that separate calculations are necessary in this case because the lump sum pension distribution was not taxed in the same manner by New York State as the balance of plaintiffs’ income subject to tax by New York State. The lump sum distribution was accorded much more favorable tax treatment than would have been extended to ordinary income of equivalent amount by New York State.
The Director notes, and plaintiffs do not dispute, that if the lump sum distribution had been simply a portion of plaintiffs’ ordinary income, the New York State tax would have been $2,108.44 (based on an effective tax rate of 8.3% [$2,108.44 4-$25,346 = 8.3%]), but because the pension distribution is handled differently by New York State tax law the tax was only $393. Therefore, the Director contends that the only way to avoid giving plaintiffs more credit for this lump sum distribution than the actual taxes they paid to New York State would be to employ separate steps in making the resident credit calculations. I find that I am in agreement with the Director.
To begin with, the clear purpose of the resident credit provision “is to minimize or avoid double taxation.” Nielsen v. Taxation Div. Director, 4 N.J. Tax 438, 442 (Tax Ct.1982); Sorensen v. Taxation Div. Director, 184 N.J. Super. 393, 398, 2 N.J. Tax 470, 475, 446 A.2d 213 (Tax Ct.1981). The credit provision in N.J.S.A. 54A:4-1 contemplates giving a resident-taxpayer who pays taxes to other jurisdictions credit for the actual taxes paid in those situations when the actual taxes would be the same or less than the taxes on New Jersey income. See N.J.S.A. 54A:4-l(a). In those circumstances, however, when the actual taxes paid to other jurisdictions are more (because of higher tax rates) than the taxes which would be payable to New Jersey on that income, New Jersey limits the credit in subsection (b) of N.J.S.A. 54A:4-1 to a fraction of the tax otherwise due New Jersey.
In other words, the statutory scheme is to provide credit for the actual taxes paid so long as those taxes would not be greater than they would be in New Jersey on the same amount *410 of income. This is in recognition of the fact that the other taxing jurisdictions may have a greater tax rate than New Jersey. To give credit for the actual taxes paid in those situations when the other taxing jurisdictions have a higher tax rate than New Jersey would have the effect of reducing New Jersey’s tax rate. Therefore, when the tax rate of other jurisdictions exceeds New Jersey’s then subsection (b) of N.J.S. A. 54A:4-1 provides only proportional credit.
Inasmuch as New York State taxes plaintiffs’ lump sum distribution at an effective tax rate that is less than the rate would have been if the distribution were ordinary income, the actual tax due New York State is less than the maximum allowable credit provides. This is true because the effective tax rate on plaintiffs’ lump sum distribution of 1.55% ($393 actual tax -4- 25,346 lump sum distribution = 1.55%) is less than New Jersey’s gross income tax rates of 2% to 3V2%.[4] N.J.S.A. 54A:2-1.
Plaintiffs’ single computation under subsection (b) of N.J.S.A. 54A:4-1 does not take in account taxes imposed by other jurisdictions at rates lower than New Jersey’s tax rates. Therefore, in order to avoid giving plaintiffs credit for more than the taxes they actually paid on the lump sum distribution, the credit must be limited to the actual taxes plaintiffs paid to New York State on this portion of their income.
Since three segments of plaintiffs’ entire income subject to tax are treated differently by New York State and New York City, essentially because of the different effective tax rates applicable to each portion, the amount of the resident credit cannot be determined in a single calculation. The different tax rates and the differing amounts of income taxed by New York State and New York City require the Director to make three separate computations, one for the lump sum distribution, a *411 second for the balance of plaintiffs’ income taxed by New York State and a third for the New York City tax on the amount of plaintiffs’ income not taxed by New York State.
Plaintiffs’ argument that there is no specific statutory provision which sets forth a separate calculation of resident credit for lump sum pension distributions is correct — but so is the fact that plaintiffs seek credit for more than the actual tax that they paid to New York State on the lump sum distribution.[5] That was not, and is not, the purpose of the resident credit provision.
As previously indicated, the resident credit was designed to minimize double taxation of income which is actually taxed by other jurisdictions but with the two limits set forth in subsections (a) and (b) of N.J.S.A. 54A:4-1. To compute the credit as urged by plaintiffs would completely ignore the resident credit limit set forth in subsection (a), i.e., the actual income tax imposed by other jurisdictions.
The Director’s procedure clearly accords with the purpose of the resident credit provisions, is manifestly reasonable, and therefore, must prevail. Although plaintiffs argue that the Director’s procedure results in double taxation, they fail to make such a showing. In light of the common sense of the situation, I find that the Director’s procedural interpretation is readily inferable from the statutory language in N.J.S.A. 54A:4-1. See Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 478 A.2d 742 (1984) (“the agency’s interpretation of the operative law is entitled to prevail as long as it is not plainly unreasonable.” Id. at 327, 478 A.2d 742).
*412 Additionally, there is the Director’s practical administrative construction of N.J.S.A. 54A:4-1 and the Legislature’s acquiescence in that interpretation. Counsel for the Director represented at oral argument that the Director’s present interpretation of the resident credit provision accords with the Director’s practice since the adoption of the Gross Income Tax Act. It is a well-settled principle that an administrative construction of a statute with which the Legislature has not interfered over a period of time is proof that the administrative interpretation conforms with legislative intent, and thus, is accorded great weight. Body Rite Repair Co. v. Taxation Div. Dir., 89 N.J. 540, 545-546, 446 A.2d 515 (1982).
Defendant’s motion for summary judgment is granted. The Clerk of the Tax Court will be directed to issue a judgment affirming the determination of the Director of the Division of Taxation.

While plaintiffs did not calculate a credit for New York City taxes, they do not dispute the Director’s procedure nor his computations as to resident credit for New York City taxes.

New York State allows a taxpayer to use a ten-year averaging method similar to the federal tax code, I.R.C. § 402(e), in the calculation of the tax due on a lump sum distribution from a qualified pension, profit sharing or stock plan. A taxpayer is required to compute the tax on the lump sum distribution on a separate schedule. The tax computed in this fashion is then added to a taxpayer’s ordinary tax to arrive at one’s total tax liability. The method of computation is not really relevant for the purposes of this proceeding, but what is significant is that the resultant effect of the special averaging method is to produce a very low effective tax rate on the lump sum distribution. In this case it amounts to 1.55% (§393 tax h- $25,346 lump sum distribution = 1.55%).

As previously stated, plaintiffs do not dispute the Director’s separate calculation for credit for New York City taxes paid by plaintiffs. It is reflected, however, to demonstrate the consistency of the Director's approach to the computation of the resident credit.

The difficulty in this case is caused by the fact that the lump sum distribution is taxed by New York State at an effective tax rate that is lower than New Jersey’s tax rates, while the balance of plaintiffs’ income is taxed by New York State at a rate that exceeds New Jersey’s.

There is a regulation at N.J.A.C. 18:35-1.12(a)9 which specifically calls for separate calculations to be made in order to determine the resident credit when the “income subject to tax in both the other state and political subdivision of such state are not equal.” This regulation clearly requires the separate calculations made by the Director in this case respecting the resident credit for plaintiffs’ New York State and New York City taxes. See Stiber v. Taxation Div. Director, 9 N.J. Tax 623, 630 (Tax Ct.1988). It should also be noted that the regulation is completely consistent with the Director’s treatment of plaintiffs' lump sum distribution.