LASSER, P.J.T.C.
Taxpayers contest the denial by the Director of the Division of Taxation (Director) of their claim for a refund based on a gross income tax credit for tax paid to another state. Director denied taxpayers’ claim as barred by the three-year statute of limitations for refund claims provided by N.J.S.A. 54A:9-8. Taxpayers contend that their refund claim was timely filed because N.J.S.A. 54A:4-l(c) excepts claim for credit resulting from the readjustment of tax paid to another state from the three-year statute of limitations.
This matter was heard by the Tax Court pursuant to R. 8:8-1(b) on the following stipulated facts. Taxpayers, husband and wife, were New Jersey residents during the tax year at issue. Taxpayers filed a joint 1984 New Jersey gross income tax return (Form NJ-1040) on April 15, 1985 reporting gross income tax of $16,617 for the year. Line 26, used to claim credit for income tax paid to other jurisdictions, was left blank on their 1984 Form NJ-1040. Taxpayers had not filed income tax returns in any other state for tax year 1984.
On June 8,1990, the New York State Department of Taxation and Finance assessed taxpayers income tax, penalty and interest on a 1984 New York partnership distribution consisting of ordinary income and capital gain income. As a result of the assessment, taxpayers filed a 1984 New York non-resident income tax return (Form IT-203) in July 1990, reporting a 1984 New York State tax of $4,309 and a New York City tax of $115.
In November 1990, taxpayers filed an amended 1984 New Jersey gross income tax return (Form NJ-1040X), claiming a refund of $2,394 based on credit for 1984 income tax paid to New York in July 1990.
After a conference between the parties on July 24, 1991, Director issued a final determination denying taxpayers’ refund claim. In the final determination letter, dated July 31, 1991, *554 Director stated that taxpayers’ refund claim was denied because the claim was not made within the three-year statute of limitations period of N.J.S.A. 54A-.9-8. Taxpayers appeal Director’s final determination.
I.
Taxpayers contend that the credit provisions of N.J.S.A. 54A:4-1 are specifically excepted from the N.J.S.A. 54A:9-8 three-year statute of limitations for refund claims. Taxpayers argue that their 1990 New York tax return constitutes a readjustment of 1984 tax due to New York within the meaning of § 54A:4-l(c) and entitles them to a New Jersey gross income tax credit for 1984.
Director asserts that the exception provided in N.J.S.A. 54A:4-l(c) to the three-year statute of limitations applies solely to a readjustment of a prior claim for credit for income tax paid to another state. Director argues that this provision does not apply to taxpayers’ claim because the July 1990 filing of their 1984 New York tax return was their initial report of tax to be paid to New York for tax year 1984. Director contends that taxpayers’ July 1990 New York tax return was not a readjustment of their 1984 New York income tax and therefore the three-year statute of limitations bars taxpayers’ November 1990 claim for a refund of 1984 New Jersey gross income tax.
II.
The issue to be resolved in this matter is whether a new claim for New Jersey gross income tax credit for income tax paid to another state may be made five and one-half years after the filing of an original New Jersey gross income tax return where no tax return was timely filed or tax timely paid to the other state.
N.J.S.A. 54A:9-8 of the Gross Income Tax Act (the act) provides a three-year statute of limitations for refund claims for gross income tax paid to New Jersey. N.J.S.A. 54A:9-8(a) states in pertinent part:
*555 (a) General. Claim for credit or refund of an overpayment of income tax shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later____
N.J.S.A. 54A:4-1 of the act permits resident taxpayers to claim a credit against New Jersey gross income tax for income tax paid to other jurisdictions for the tax year. See, e.g., Willett v. Taxation Div. Director, 10 N.J.Tax 402, 405 (Tax 1989). N.J.S.A. 54A:4-1(a) provides:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax ... imposed for the taxable year by another state of the United States ... with respect to income which is also subject to tax under this act.
N.J.S.A. 54A:4-l(c) contains an exception to the three-year statute of limitations for refund claims when a readjustment occurs in income tax of another state:
(c) Readjustment of the tax of another state or political subdivision thereof— if the taxpayer is allowed credit under this section for more or less of the tax of another state or political subdivision thereof than he is finally required to pay, the taxpayer shall send notice of the difference to the director who shall redetermine the tax for any years affected regardless of any otherwise applicable statute of limitations.
[Emphasis added.]
This case arises because the parties do not agree on the interpretation of the term “readjustment” used in N.J.S.A. 54A:4-l(c), and this term is not defined by the act. Director contends that there is no readjustment of tax of another state where no tax was paid and no credit taken on the New Jersey gross income tax return for the subject year. Taxpayers contend that the use of the word readjustment in the statute is illogical because, construed literally, it refers to a second adjustment of tax and unreasonably restricts the scope of the statute.[1] Taxpayers argue that a reasonable interpretation of the statute supports a conclusion that a change from not having timely paid 1984 tax to New York to paying 1984 tax to New *556 York in 1990 is a readjustment of a tax of another state and the three-year statute of limitations within which to claim credit from New Jersey should not apply.
Since this is a case of first impression and Director has not promulgated regulations pursuant to N.J.S.A. 54A:9-17 of the act to implement N.J.S.A. 54A:4-l(c), it is necessary to consider the use of the word readjustment in the context of the entire statute. McMenamy v. Taxation Div. Director, 3 N.J.Tax 356, 361 (Tax 1981).
Statutes of limitations in tax statutes are strictly construed in order to provide finality and predictability of revenue to state and local government. Pantasote, Inc. v. Taxation Div. Director, 8 N.J.Tax 160, 164-66 (Tax 1985). In the subject statute limitation periods are expressly waived, but only if there is a readjustment of the tax of another state.
Readjustment is defined as the act of adjusting again or modifying. Webster’s Third New International Dictionary 1890 (1986). The use of the term readjustment in N.J.S.A. 54A:4-l(c) by the Legislature indicates an intent to toll the three-year statutory limitation period for refund claims where there has been a readjustment of the foreign tax, whether the readjustment increases or decreases the foreign tax.
The term readjustment signifies that there must have been a tax obligation to another state for which a credit was taken on a taxpayer’s tax return and such tax obligation must have been changed by the other state. When a taxpayer does not timely file a tax return and does not timely pay tax to another state for the reporting year and does not initially claim credit for such tax on his New Jersey gross income tax return, there is no readjustment of the tax by the other state.
The Legislature could have used the word “adjustment” instead of the word “readjustment.” The fact that the latter word was selected does not detract from the interpretation that it is the legislative intent to toll the statutory limitation period only when a tax has been paid to another state and a credit *557 taken on the New Jersey return for the subject year and the tax paid is later increased or decreased by the other state.
It is reasonable to conclude that elimination of the statute of limitations in § 54A:4-l(c) assumed timely filing and payment of tax to another state. If a tax return is timely filed with another state the statute of limitations of that state for audit and deficiency assessment provides a time limit which replaces the time limitation waived by the New Jersey statute.
In this case, no credit was claimed on taxpayer’s 1984 New Jersey return for tax paid to New York and no tax return was timely filed or tax timely paid to New York. The July 1990 New York tax return was taxpayers’ first report and payment of tax due to New York for tax year 1984. Neither New York nor taxpayers were readjusting tax previously reported and paid to New York. Consequently, taxpayers may not now seek a refund based on the initial filing of their 1984 New York income tax return after the expiration of the New Jersey three-year statutory limitation period.
Therefore, I conclude that taxpayers’ refund claim made five and one-half years after the filing of their initial 1984 gross income tax return is untimely filed.
The Clerk of the Tax Court is directed to enter judgment dismissing taxpayers’ complaint.

 Taxpayers’ argument that the word “readjustment” should not be considered significant because it appears only in what taxpayers refer to as the title of the section is misplaced because the word is not in the title of the section but is part of the body of the subsection.