SMALL, J.T.C.
The issue before this court is the proper calculation of the credit for taxes paid to other jurisdictions under the New Jersey Gross Income Tax Act pursuant to N.J.S. A 54A:4-1. The amount of tax in dispute is under $200.00.
This matter is before me on cross motions for summary judgment. There are no facts in dispute; resolution of the matter rests solely on an interpretation of the applicable law. Judson v. Peoples Bank & Trust Co., 17 N.J. 67, 73-75, 110 A.2d 24 (1954); R. 4:46-2.
The specific issue is how to calculate the numerator of the fraction prescribed in N.J.S.A 54A:4H(b). The Director of the Division of Taxation (“Director”) contends that the taxpayers’ capital loss (deductible in New Jersey but not in New York) and his rental loss (deductible in New York but not in New Jersey) should both be subtracted from income when calculating the numerator of the fraction. The taxpayers’ position is that only the greater of the two figures, the capital loss, should be subtracted from income when calculating the numerator. For the reasons explained below, I have concluded that the taxpayers are correct.
For the year 1990 the taxpayers, David Allen and his wife, filed joint income tax returns in New York and in New Jersey. The Allens are residents of New Jersey and their income can be summarized as follows:
1. Salary & Wages earned in New York $55,885
2. Interest Income 3,927
3. Dividend Income 3,483
4. Other Income (Management fees from the operation of 9,443 real estate)
5. Capital Gains 91,698.
The capital gains all relate to the profit from the sale of real estate in New York. In addition, the Allens had two deductions from income: capital losses on portfolio income of $21,237 and a loss from the operation of rental properties in New York of $5,744. For New Jersey gross income tax purposes, the parties do not dispute these amounts nor do they dispute in which state these *374 amounts should be taxable or deductible when calculating their taxable income. That income tax treatment is summarized in the following table:
TYPE OF INCOME NEW YORK NEW JERSEY AMOUNT AMOUNT
1. Salary & Wages $ 55,885 $ 55,885
2. Interest Income 0 3,927
3. Dividend Income ' 0 3,483
4. Other Income (Management fees) 5,843 9,443
5. Capital Gains 91,698 91,698
6. Capital Losses 0 (21,237)
7. Rental Losses (5,744) [1] 0
TOTAL TAXABLE INCOME $147,682 $143,199
The controlling statute, N.J.S.A. 54A:4-1, states:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax or wage tax imposed for the taxable year by another state of the United States or political subdivision of such state, or by the District of Columbia, with respect to income which is also subject to tax under this act except as provided by subsections (c) and (d) of this section.
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the ta3q>ayer’s income subject to tax by the other jurisdiction bears to his entire New Jersey income.
[Emphasis added.]
The statute has been interpreted to provide for two limits in the computation of the credit. Paragraph (a) allows a credit up to, but no greater than, the actual amount of taxes paid to the other jurisdiction; paragraph (b) further limits that credit by multiplying the New Jersey gross income tax due without regard for the credit by a ratio which is the amount of the taxpayer’s income subject to tax by the other jurisdiction divided by his entire New Jersey income. See Willett v. Director, Div. of Taxation, 10 N.J.Tax 402, 405-06 (Tax 1989).
N.J.A.C. 18:35-1.12(a)(4)(I) provides a further regulatory refinement for the statutory prescription and states as follows:
*375 i. Income subject to tax by the other jurisdiction means those categories of income which are taxed by another jurisdiction before the allowance for personal exemptions and standard and/or other itemized deductions and which are also subject to tax under the New Jersey Gross Income Tax Act.
ii. Entire New Jersey income means the categories of New Jersey gross income subject to tax before allowances for personal exemptions and deductions.
[Emphasis added.]
This court and the Appellate Division have dealt with the application of the credit provision in several reported cases, Ambrose v. Director, Div. of Taxation, 198 N.J.Super. 546, 487 A.2d 1274 (App.Div.1985); Berlin v. Director, Div. of Taxation, 13 N.J.Tax 405 (Tax 1993); Willett v. Director, Div. of Taxation, supra; Stiber v. Director, Div. of Taxation, 9 N.J.Tax 623 (Tax 1988); Jenkins v. Director, Div. of Taxation, 184 N.J.Super. 402, 4 N.J.Tax 127, 446 A.2d 217 (Tax 1982); Nielsen v. Director, Div. of Taxation, 4 N.J.Tax 438 (Tax 1982) and Sorensen v. Director, Div. of Taxation, 184 N.J.Super. 393, 2 N.J.Tax 470, 446 A.2d 213 (Tax 1981). Read together, these cases make clear that the purpose of the credit is to see that double taxation is not imposed, i.e., to the extent that income is taxed in another jurisdiction the full amount of that tax, as long as it does not exceed the New Jersey tax on that same income, is creditable against a New Jersey resident taxpayer’s gross income tax liability. The credit against the New Jersey gross income tax is for the tax imposed by another state “with respect to income which is also subject to tax [in New Jersey].” N.J.S.A 54Aj4-l(a). “The intent of the credit provision of the New Jersey Gross Income Tax Act is to minimize or avoid double taxation____[and] [t]he calculation of the credit is intended to shield income taxed by another jurisdiction.” Nielsen v. Director, Div. of Taxation, 4 N.J.Tax 438, 442 (Tax 1982) (citations omitted).
The table at page 388 [of this slip opinion] illustrates the taxpayers’ allocation of taxable income and losses to New York and New Jersey. The parties agree that the amount of income which should be used in calculating the numerator of the credit fraction is the sum of the lesser amounts of the two columns of each of lines one through five in that table. The Director and the plaintiff further agree that from this amount of income, $21,237 of *376 capital losses, the amount on line six, should be deducted when calculating the numerator of the fraction. Their sole dispute relates to the treatment of line seven (Rental Losses) which, the taxpayer contends should be ignored since it is less than line six (Capital Losses) and which the Director believes should be taken as a further deduction from the numerator because it constitutes a separate line item for purposes of calculating the relevant fraction.
Disputes have arisen when, for example, income subject to tax in New Jersey is taxed differently in New York. Thus, when New York only taxed a fraction of capital gains and New Jersey taxed 100% of those gains, the numerator of the fraction used in calculating the credit could not be greater than that portion of the capital gains actually taxed in New York. Sorensen v. Director, Div. of Taxation, 184 N.J.Super. 393, 2 N.J.Tax 470, 446 A.2d 213 (Tax 1981). Similarly, when pension distributions were subject to taxation at a lower tax rate in New York than in New Jersey, it was necessary to make a separate calculation for the tax on those pension benefits rather than lump them in a single calculation based on the tax rate applicable to other income in New York. Willett, supra.
In Berlin v. Director, Div. of Taxation, 13 N.J.Tax 405, this court held that a reduction of the tax base in North Carolina, due to operating losses generated by North Carolina real estate investments, must be used to reduce the numerator of the credit fraction, even though that deduction could not be made in New Jersey, because the income subject to tax in North Carolina was reduced by the amount of that deduction. In particular, the Tax Court found that the numerator of the credit fraction as computed by taxpayer was erroneous, since it included amounts not actually taxed by the State of North Carolina, thereby providing a New Jersey credit for taxes not actually paid to North Carolina. Id. at 411. The present case, however, is distinguishable from Berlin. In this case, the dispute arises from the existence of two distinct deductions, one allowable only in New Jersey and one allowable only in New York. Moreover, the New Jersey deduction is larger than the New York deduction, thereby resulting in New Jersey *377 income which is less than New York income for the purpose of computing the credit fraction numerator.
The taxpayers argue that since both items serve to reduce taxable income — one by $21,237 in New Jersey and the other by $5,744 in New York — the required deduction from the numerator of the fraction is the larger amount. This clearly avoids double taxation if we look at dollars as fungible amounts. The Director contends that the allowable credit fraction should be ftirther reduced by the separate rental loss amount which is deductible only in New York but not in New Jersey. The Director argues, pursuant to the regulation and the general approach of New Jersey’s gross income tax, that income is to be viewed in categories; that the $21,237 capital loss reduces the category of net capital gains to $70,461; and that the amount to be included in the numerator of the credit fraction is that number, the lower amount of net capital gains taxable in either state, which is lower than New York’s $91,698. Then, says the Director, the rental loss is a separate category which must be separately deducted. The taxpayers argue that they do not get the cumulative benefit of the double deduction (ie., (1) portfolio capital loss and (2) real estate operating loss) in any one state and therefore double taxation is completely avoided by deducting only the greater of the two deductions. The Director argues that for purposes of calculating the numerator of the credit ratio, we should look to categories of income and deductions. The taxpayers argue that our examination of income and deductions should be restricted to their amounts.
Given the classical definition of categories in New Jersey’s gross income tax and consistent with the way in which gross income is reported in New Jersey for purposes of calculating New Jersey taxable income, the Director’s interpretation would seem to prevail. Given the simple objective of avoiding double taxation, but no more than that, the taxpayers should prevail. In neither state do the taxpayers have the benefit of $21,237 plus $5,744 in deductions. As a general rule for a New Jersey resident taxpayer taxable income in New Jersey will exceed taxable income in the *378 non-resident state. For purposes of calculating the credit numerator each of the various categories of income will generally be limited to the lesser amount which will generally be the amount in the non-resident state. In fact that is precisely what we see in the first five categories of income in the two tables at the beginning of this opinion. What makes this case unique is (1) that the taxpayers have a substantial capital loss in New Jersey which results in a reduction of their New Jersey income to an amount below their New York income and (2) that taxpayers have two deductions of differing amounts, one deductible only in New York, and the other deductible only in New Jersey.
The factual pattern is different from that in any reported case or in any of the examples in the Director’s regulations. All of those eases involve one or more deductions or exclusions in one state which are not deductions or exclusions in the other. Here there are ojf-setting deductions, one allowable in New York but not in New Jersey (the $5,744 operating loss deduction) and the other allowable in New Jersey but not New York (the $21,237 capital loss on securities).
The Director argues that the $21,237 reduces the capital gain of $91,698 to $70,461 net capital gains. For purposes of calculating New Jersey gross income subject to tax, there is no question that this is correct. For purposes of calculating the numerator of the credit fraction this would be correct if there were no off-setting New York losses. The reduction of New York income by $5,744 of operating losses is not reflected as a reduction of New Jersey income because New Jersey income has already been reduced by a larger amount — namely, the $21,237 capital loss. The purpose of the credit provision is the avoidance of double taxation (not administrative ease or maximization of New Jersey revenue). The two reductions of income which are not common to New York and New Jersey should reduce the numerator of the fraction by the greater of the two off-setting amounts, not by their sum.
The amount of income doubly taxed by both New York and New Jersey (N.J.S.A. 54A:4-l(a)) is not reduced by $21,237 plus $5,744. It is only reduced by the greater of those two amounts. If both *379 amounts were deductible in either New York or New Jersey, the Director would be correct. The amount in the numerator of the credit fraction should not be less than the lesser amount taxed by either of the two states.
Generally, courts defer to the interpretation of a statute by the agency charged with enforcing that statute. GE Solid State v. Director, Div. of Taxation, 132 N.J. 298, 306, 625 A.2d 468 (1993) (citing eases). The subject regulation has been correctly applied in the previously reported cases to come before this court. In attaining the objective of the credit statute, the avoidance of double taxation, strict adherence to categorization of income would appear to break down with the income tax deduction configuration found in this ease. Although the interpretation urged by the Director is administratively simpler, enhances revenue, and restricts the benefit of the credit, it does not conform to the legislative purpose, the avoidance of double taxation, discussed, in Nielsen, supra, and other cited cases. “[I am] convinced that the Division’s interpretation of the statute is unduly restrictive and conflicts with the legislative purpose.” Hovland v. Director, Div. of Taxation, 204 N.J.Super. 595, 600, 499 A.2d 1017 (App.Div. 1985), certif. denied, 102 N.J. 400, 508 A.2d 258 (1986). Although net capital gains may be a category of income for purposes of calculating taxable income, they are not necessarily an appropriate category of income and deductions for purposes of calculating the credit for taxes paid to other jurisdictions and avoiding, eliminating, or reducing double taxation.
Accordingly, I find that under the circumstances in this case the total amount of reduction of the credit fraction numerator cannot exceed the total amount by which income is reduced in any one state. Put another way, in this case, in calculating the credit fraction numerator, deductions from income cannot exceed the total amount of deductions from income in that state in which the total deductions are greater, in this case New Jersey.
I have examined the statute, its purpose (the avoidance of double taxation), and the facts in this case and find that the taxpayers’ calculation of the credit is proper and authorized under *380 N.J.S.A. 54A:4r-l and existing ease law. To the extent that the regulation, N.J.A.C. 18:35-1.12(a)(4)(I), leads to a different conclusion it is inapplicable to the facts in this case. I have not reviewed and express no opinion with regard to the proper calculation of the credit ratio in other factual situations.
The Director argues alternatively that somehow the $5,744 operating loss deduction in New York reduces items of income which may not be commonly taxed in New York and New Jersey. Thus, the operating loss deduction should not be entirely ignored in reducing the numerator of the credit fraction but should proportionately reduce the numerator. Since my finding is that deductions from the numerator are limited to the greater of the total amount of deductions in either State, I do not need to resolve this argument.
The court will enter a judgment granting the plaintiffs motion and canceling the Director’s assessment.

 Hie rental loss was not deductible in New Jersey because the Allens had no New Jersey rental income. Unlike the tax treatment in New York, if a category of income is negative it cannot be used as a deduction from other categories of income. N.J.S.A. 54A:5-2.