BIANCO, J.T.C.
Plaintiffs, Philip and Joanne Mannino (collectively hereinafter “the Manninos”; individually “Mr. Mannino” and “Mrs. Mannino,” respectively), filed an appeal against the Director of the Division *435 of Taxation (hereinafter “the Director”), challenging the manner in which the Director computed a tax credit for taxes paid to other jurisdictions on the Manninos’ 2003 Gross Income Tax return. The Director argues that when applying the statutory formula for calculating the tax credit, the numerator of the credit fraction (i.e. income subject to tax by all foreign jurisdictions) should be reduced by both the foreign jurisdiction’s deductions and the Uncommon Business Expenses[1] allocable to that jurisdiction; the Manninos argue that the income in a foreign jurisdiction should be reduced by only the greater of these two amounts. The parties have cross-moved for summary judgment. For the reasons set forth herein, the Manninos’ motion is granted and the Director’s motion is denied.
The facts are not in dispute:
Phillip and Joanne Mannino, husband and wife, were residents of New Jersey and filed a joint New Jersey Form NJ-1040 Income Tax Return (hereinafter “GIT Return”) and a joint Federal Form 1040 U.S. Individual Income Tax Return (hereinafter “Federal Return”) for the 2003 tax year. Mr. Mannino was a partner in PricewaterhouseCoopers (hereinafter “PwC”) and received a share of partnership income from PwC that was reported on both the GIT Return and the Federal Return. As a result of PwC’s multistate business activities, the Manninos incurred and paid tax on Mr. Mannino’s share of PwC’s income in thirty-eight states. With respect to these thirty-eight states, the Manninos used “composite” tax returns that were filed by PwC on behalf of its partners.[2] PwC determined the amount of Mr. Mannino’s partnership income allocable to each of the thirty-eight composite return states, as well as the separate return states of California, New York and New Jersey, and provided Mr. Mannino with a schedule setting forth such allocation. PwC satisfied Mr. Manni *436 no’s tax liabilities to the composite return states by making payments out of Mr. Mannino’s distributive share of partnership income. With respect to California, New York, and New Jersey the Manninos filed them own individual tax returns and reported the amount of income allocated to Mr. Mannino according to the PwC allocation schedule. The Manninos filed a California Nonresident or Part-Year Resident Income Tax Return 540 NR (hex'einafter “the California Return”) and paid a California state tax liability of $9,820.23 for their 2003 tax year.
On or about July 16, 2004, the Manninos timely filed their New Jersey GIT Return and x’epoi’ted $645,971.07 as Mr. Mannino’s distxibutive shai’e of partnership income from PwC. While not reflected on the GIT Return, the pax’ties agx’ee that this number px’opexiy took into account $46,676 of the following pex’mitted business expense inductions against pai-tnei-ship income:
Description of Reduction Amount
Excess Meals & Entertainment $13,627
Unreimbux-sed Business Expenses $27,946
Charitable Contx’ibutions $ 5,103
Total “Uncommon Business Expeixses” $46,676
Absent the $46,676 of pennitted business expense inductions against pai’tnei'ship income, Mr. Mannino’s distributive share of partnership income would have been $692,647.07. 6.74% of Mr. Mannino’s pai'tnership income was not subject to the GIT.[3] On them GIT Return, the Manninos claimed a credit for income taxes paid to other jurisdictions in the amount of $34,062.21. Due to the manner in which the GIT credit for income taxes paid to other jurisdictions was calculated the Manninos were not pennitted to deduct their total tax payments of $45,304.07 against their- GIT liability.[4]
*437 Upon audit of the Manninos’ 2002 and 2003 returns the Director made adjustments to the amount of their credit for taxes paid to other jurisdictions. The Director issued a final determination letter on July 30, 2007 that assessed the Manninos with an additional tax liability of $1,996, including interest. The Director asserts that in performing their computation on the 2003 return the Manninos failed to take into account the portion of Mr. Mannino’s partnership income that was not taxed in New Jersey as a result of the “Uncommon Business Expenses.” The Manninos dispute the manner in which the Director computed the credit in those instances where the taxing jurisdiction permitted deductions from income not permitted by New Jersey. The Director reduced the allowable credit by taking into account both the Uncommon Business Expenses allocable to the taxing jurisdiction and the taxing jurisdiction’s allowable deductions. It is the Manninos’ position that the amount of the credit for taxes paid to each jurisdiction can only be reduced by taking into account the greater of the deductions allowed in the other taxing jurisdiction or the Uncommon Business Expenses allocable to that jurisdiction.
In order to simplify the issues the parties have agreed to focus solely on the computation of the Manninos’ credit for taxes paid to California, which computation is representative of the computation for the other taxing jurisdictions. The parties agree that the following amounts should be used in the computation of the Manninos’ credit for taxes paid to California:
2003 Items Amounts
Income Allocable to California $122,713
California Deductions $ 11,381
Uncommon Business Expenses Allocable to California (6.74'# of California Income) $ 8,271
California Taxes Paid $ 9,820
Total New Jersey Income $977,378
Total “Uncommon Business Expenses” $ 46,676
New Jersey Tax Liability $ 57,074
*438 The parties have further stipulated that no portion of the $46,676 of New Jersey Uncommon Business Expenses were allowed as deductions on the Manninos’ California Return (even though $8,271 was allocable to California), and no portion of the California deductions totaling $11,381 (for self-employment tax, self-employed health insurance and self-employed SEP, SIMPLE and qualified plans) were allowed as deductions on the Manninos’ GIT Return. Based on the foregoing amounts, the Director’s position with regard to the methodology of computation is as follows:
$57,074 x $122,713 - $11,381 - $8,271 = $6,018 $977,378
It is the Manninos’ position that their credit for taxes paid to California should be computed in the following manner:
$57,074 x $122,713 - $11,381 = $6,501 $977,378
The dispute between the parties as to the computation of the credit for taxes paid to California is whether the Manninos’ California income in the numerator of the credit fraction should be reduced by both the California deductions and the Uncommon Business Expenses allocated to California (as argued by the Director) or whether the California income should be reduced by only the greater of these two amounts (as argued by the Manninos).
SUMMARY JUDGMENT
The Court finds that the present matter is ripe for summary judgment. New Jersey’s Court Rules provide that summary judgment is appropriate where:
The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.
[.R. 4:46—2(e).]
*439 The moving party sustains the burden to show no genuine issue of material fact exists. Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 74, 110 A.2d 24 (1954). See also Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 916 A.2d 440 (2007). The opposing party cannot defeat the motion for summary judgment simply by pointing to any fact in dispute. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529, 666 A.2d 146 (1995). Denial of summary judgment occurs when the opposing party brings forward evidence that creates a genuine issue for a material fact. Ibid.
The court finds that there is no genuine issue as to any material fact in this matter.
ANALYSIS
N.J.S.A. 54A:4-1 states that:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax or wage tax imposed for the taxable year by another state of the United States or political subdivision of such state, or by the District of Columbia, with respect to income which is also subject to tax under this act, except as provided by subsections (c) and (d) of this section.
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer’s income subject to tax by the other jurisdiction bears to his entire New Jersey income.
INJ.S.A. 54A:4-1 (a)-(b).]
This statute is intended “to avoid double taxation of foreign income by relinquishing all or part of the New Jersey tax on the foreign income, but not to relinquish New Jersey tax on income earned in New Jersey.” Jenkins v. Taxation Div. Dir., 184 N.J.Super. 402, 4 N.J.Tax 127, 133, 446 A.2d 217 (1982). The credit limitation of N.J.S.A. 54A:4-1(b) is calculated as follows: (income actually taxed by both New Jersey and the other State divided by the income subject to tax by New Jersey) multiplied by the total New Jersey taxable income, equals the proportional credit limitation amount. The statute is further defined by the accompanying regulations, which state:
For purposes of determining the percentage ... for limitation of the tax credit:
i. Income subject to tax by the other jurisdiction means those items of income, which are taxed by another jurisdiction before the allowance for personal exemptions and standard and/or other itemized deductions and which are also *440 subject to tax under the New Jersey Gross Income Tax Act. “Subject to tax” is defined as income actually taxed.
ii. Entire New Jersey income means the New Jersey gross income subject to tax before allowance for personal exemptions and deductions.
iv. The actual lax paid to the other jurisdiction is the amount of tax that is due after deduction of all tax credits allowed by that jurisdiction (for example, child and dependent care, new job, research and development), but before the deduction of any payments made by the taxpayer, whether made as withholdings, estimated payments, extension payments, or an overpayment from a prior year.
[N.J.A.C. 18:35-4.l(a)(6)(i)-(ii), (iv).]
The Manninos argue that the issue of computation is controlled by Allen v. Director, Div. of Taxation, 14 N.J.Tax 385 (1994), aff'd o.b. per curiam, 15 N.J. Tax 704 (App.Div.1996). In that case, the Allens had a $21,237 capital loss that was deductible in New Jersey but not in New York and a $5,744 loss from the operation of rental properties in New York that was not deductible in New Jersey. Id. at 389. The Director argued that both amounts should be subtracted from the numerator of the credit fraction, while the Allens maintained that only the greater of the two amounts should be subtracted. The court found for the Allens, reasoning that both amounts would be subtracted from the numerator only if both amounts were deductible in either New York or New Jersey. Ibid. Since the $21,237 capital loss was deductible only in New Jersey and the $5,744 rental loss was deductible only in New York, the court held that only the greater of the two amounts ($21,237) was to be subtracted from the numerator of the credit fraction. Ibid. In making its decision the court stressed that “the purpose of the credit is to see that double taxation is not imposed____” Ibid.
The facts in this ease are similar to Allen. The Manninos had $11,381 of deductions that could be taken in California but not New Jersey, and Uncommon Business Expense deductions worth $8,271 that could be taken in New Jersey but not California. Since neither of these deductions could be taken in both New Jersey and California, this court, relying on the reasoning expressed in Allen, finds that only the greater of the two amounts ($11,381) should be subtracted from the numerator of the credit fraction.
*441 The Director tries to distinguish this case from Allen by arguing that the present deductions arise out of the same category of income. This distinction was found to be immaterial by the Allen court:
Given the classical definition of categories in New Jersey’s gross income tax and consistent with the way in which gross income is reported in New Jersey for purposes of calculating New Jersey taxable income, the Director's interpretation would seem to prevail. Given the simple objective of avoiding double taxation, but no more than that, the taxpayers should prevail.
[Id. at 391]
The court ruled in favor of the Allens even though such a ruling was seemingly in conflict with New Jersey’s scheme of categorizing income. The court focused on the over-reaching theme of avoiding double taxation in finding that only the larger deduction was to be subtracted from the numerator. The 2003 amendment of N.J.A.C. 18:35-4.1(a)(6) supports this conclusion and makes any attempt to distinguish this case from Allen moot. N.J.A.C. 18:35-4.1(a)(6)(i) used to read:
Income subject to tax by the other jurisdiction means those categories of income, which are taxed by another jurisdiction before the allowance for personal exemptions and standard and/or other itemized deductions and which are also subject to tax under the New Jersey Gross Income Tax Act. “Subject to tax” is defined as income actually taxed.
[N.J.A.C. 18:35-41(a)(6)(i) amended by NJ.A.C 18:35-4.1(a)(6)(i) (2003) (Emphasis added).]
The regulation now reads:
Income subject to tax by the other jurisdiction means those items of income, which are taxed by another jurisdiction before the allowance for personal exemptions and standard and/or other itemized deductions and which are also subject to tax under the New Jersey Gross Income Tax Act. “Subject to tax” is defined as income actually taxed.
[N.J.A.C. 18:35-4.1(a)(6)(i) (Emphasis added).]
The regulation now speaks of items rather than categories of income and further limits the distinction between the facts of this ease and the Allen decision.[5] The change acknowledges that categorization is of no consequence in calculating the credit.
*442 The goal in offering a tax credit for taxes paid to other jurisdictions is to avoid double taxation of money taxed and actually paid to both New Jersey and a foreign jurisdiction. Vassilidze v. Director, Div. of Taxation, 24 N.J.Tax 278, 290 (2008) (citing Jenkins, supra, 184 N.J.Super. 402, 4 N.J.Tax at 133, 446 A.2d 217); Nielsen v. Director, Div. of Taxation, 4 N.J.Tax 438, 443 (1982) (“The statutory scheme minimizes or avoids double taxation based on what is actually, not potentially, taxed.”); Sorensen v. Director, Div. of Taxation, 184 N.J.Super. 393, 2 N.J.Tax 470, 471, 446 A.2d 213 (1981) (“The credit is available to New Jersey residents for any income tax or wage tax imposed by another state with respect to income which is also subject to tax by New Jersey.”); Ambrose v. Director, Div. of Taxation, 198 N.J.Super. 546, 553, 487 A.2d 1274 (App.Div.1985) (The statute “shield[s] only that portion of the taxpayer’s income which is subject to tax in the other state____we perceive a clear legislative design to limit the credit to income actually subject to taxation in the foreign jurisdiction”). Reducing the numerator by the greater of the two amounts achieves the goal of avoiding double taxation. The following charts illustrate how subtracting both amounts from the numerator of the credit fraction would undermine this goal:
[[Image here]]
[[Image here]]
The heavily shaded area represents the income that is subject to taxation in both New Jersey and California. Were it not for the deductions taken in both New Jersey and California this amount would be $122,713. Because the Manninos took $11,381 worth of deductions in California that they could not take in New Jersey, the maximum amount of the $122,713 that was actually taxed by *443 California was $111,332. Similarly, because the Manninos took $8,271 in of New Jersey deductions that could not be taken in California, the maximum amount of the $122,713 that was actually taxed in New Jersey was $114,442. Accordingly, $111,332 of the $122,713 was actually subject to tax in California and $114,442 of the $122,713 was actually subject to tax in New Jersey. Because $111,332 of the income was actually taxed by both New Jersey and California, only that number should be present in the numerator of the credit fraction. Indeed, the following chart, combining the information from the previous two charts illustrates that $111,332 of the $122,713 was taxable by both states:
[[Image here]]
the New Jersey deduction. In both states the Manninos were subject to a tax of at least $111,332. The California deductions encompass
The Allen case states that both amounts would be subtracted from the numerator only if both amounts were deductible in both states. Allen, supra, 14 N.J.Tax at 393. The Manninos deductions are not deductible in both states and therefore both cannot be deductible from the numerator. The following charts indicate how the computation would change if both amounts were deductible in both states:
*444 [[Image here]]
[[Image here]]
As the charts illustrate, $103,061 of the $122,713 subject to tax by both states would have been actually taxed by both states if both deductions were allowed in New Jersey and California. This is the result that would be achieved by subtracting both amounts from the numerator of the credit fraction, as the Director urges the court to do. However, the parties have stipulated that the $11,381 deductible in California is not deductible in New Jersey, and that the $8,271 deductible in New Jersey is not deductible in California. Therefore, only the larger amount, $11,381, should be subtracted from the numerator of the credit fraction.
For the foregoing reasons, the Manninos’ motion for summary judgment is granted, and the Director’s motion is denied.

 "Uncommon Business Expenses” are reductions permitted by New Jersey law for purposes of computing a partner's distributive share of partnership income that are not commonly permitted by other states.

 As a general rule, in most states a partnership may file a composite tax return for its partners, and pay tax directly from the partner's distributive share of income, as a simplified way of paying the income tax owed by each partner without requiring each partner to prepare a separate return.

 $645,971.07 + $46,676 = $692,647.07; $46,676/$692,647.07 = $6.74%.

 The tax credit allows a reduction of the amount of tax that would have been paid to New Jersey if the income was earned in New Jersey. It does not permit *437 a full credit for taxes paid to another jurisdiction if that jurisdiction’s tax rate exceeds that of New Jersey.

 The court notes that Allen was decided before the amendment to NJ.A.C. 18:35-4. l(a)(6)(i), and that the amendment may have been adopted in response to Allen.